# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| **v.** | ) ) | Criminal No. 24-cr-39 (APM) |
| **BRANDON TYRIQ WHITE,** | ) ) ) | |
| **Defendant.** | ) ) | |

## PRETRIAL ORDER

Trial is set to commence in this matter on **January 13, 2025**, **at 9:30 a.m., in Courtroom 10**. The following deadlines shall govern pretrial proceedings:

1. The United States shall make any required expert disclosures pursuant to Rule 16(a)(1)(G) by **October 11, 2024**; any reciprocal expert disclosure by Defendants shall be made by **November 8, 2024**.

2. The United States shall identify the evidence it will seek to introduce under Federal Rule of Evidence 404(b) on or before **October 11, 2024**.

3. Except as otherwise noted in this Pretrial Order, motions in limine shall be filed on or before **October 25, 2024**; oppositions shall be filed on or before **November 8, 2024**; and replies shall be filed on or before **November 15, 2024**. If the United States wishes to file a motion in limine with respect to any defense expert, it may do so by filing a motion by **November 22, 2024;** any opposition to such motion shall be filed by **December 6, 2024.** Counsel shall appear on **November 22, 2024**, at 3:00 p.m., in Courtroom 10 for a hearing on motions in limine.

4. Defendants shall satisfy their reciprocal discovery obligations, if any, under Rule 16(b) (except as to experts, as noted above) by **December 13, 2024**. The

      court will consider any motion in limine with respect to reciprocal discovery after such discovery is received. Any such motion shall be filed by **December 20, 2024**; any opposition to such motion shall be filed by **January 2, 2025**.

5. The United States should endeavor to make grand jury and Jencks Act disclosures as to each witness it expects to call in its case-in-chief on or before **December 27, 2024**. Any *Brady* material not already disclosed also must be disclosed by this date.

6. On or before **December 20, 2024**, counsel shall file a Joint Pretrial Statement that contains the following:

    a. <u>A neutral statement of the case</u>. The parties shall include a neutral statement of the case for the court to read to seated jurors at the start of preliminary instructions.

    b. <u>Proposed or modified voir dire questions</u>. Attached as Appendix A is a list of the court's standard voir dire questions, with questions added that are relevant to this case. The parties shall state (1) any objections to the standard voir dire questions; (2) any modifications to the standard voir dire questions; and (3) any additional proposed questions. If a party objects to a proposed modification or additional question, then that party shall state the grounds for the objection.

    c. <u>Proposed jury instructions</u>. The parties shall submit a list of all standard jury instructions from the "Red Book" (*Criminal Jury Instructions for D.C.* (Barbara A. Bergman ed., May 2016 ed.)) that they wish to include in the final instructions. The parties need not submit

the full text of any standard jury instruction, but should provide the full text of (1) any modified standard jury instruction, with the proposed modification(s) redlined, and (2) any non-standard jury instruction they wish to have the court include. As to each non-standard jury instruction, the sponsoring party should cite legal authority for the proposed instruction, and the non-sponsoring party should state any objection to the instruction, including any proposed modifications.

d. <u>List of witnesses</u>. The parties shall identify the witnesses that each side anticipates it may call in its case-in-chief. Only upon leave of court and a showing of good cause will a party be permitted to withhold a witness's identity.

e. <u>Exhibit lists</u>. The parties shall include an exhibit list that each side anticipates it may introduce in its case-in-chief. The parties need not list any exhibit that might be used for purposes of impeachment. The parties *should not* provide a copy of the exhibits to the court but must exchange pre-marked exhibits. The parties must be prepared to raise objections to any proposed exhibit at the Pretrial Conference. The objecting party shall bring three copies of any contested exhibit to the Pretrial Conference.

f. <u>Stipulations</u>. The parties shall submit a draft of all stipulations.

g. <u>Proposed verdict form</u>. The parties shall include a draft verdict form, including any special interrogatories. The draft verdict form should include a date and signature line for the jury foreperson.

7. In addition to docketing the Joint Pretrial Statement on **December 20, 2024**, the parties shall transmit, in Word format, an electronic copy of (a) any proposed modification to a standard jury instruction, (b) any non-standard jury instruction, and (c) the verdict form by email to mehta_chambers@dcd.uscourts.gov.

8. Counsel shall appear on **January 3, 2025**, at 11:00 a.m., in Courtroom 10 for a Pretrial Conference.

Date:  August 6, 2024

Amit P. Mehta
United States District Court Judge