## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No.  24-cr-039-APM** |
| | : | |
| **BRANDON TYRIQ WHITE** | : | |
| | : | |
| **Defendant.** | : | |

---

## MOTION TO EXCLUDE PROFFERED EXPERT AND FACT WITNESS TESTIMONY AND REQUEST FOR EMERGENCY STATUS CONFERENCE

Defendant Brandon White ("Mr. White"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 16 to exclude the testimony of the Government's proffered expert witnesses as well as the testimony of certain medical professionals whom the Government intends to call as fact witnesses. The Government has failed to comply in a timely manner with its Rule 16 disclosure obligations and this Court's scheduling order. The Government's untimely and incomplete disclosures jeopardize Mr. White's right to a fair trial. In light of the upcoming trial date and other deadlines in this case, Mr. White respectfully requests an emergency status conference on these matters.

## I.    Procedural History

On January 23, 2024, the Government filed an Indictment in this Court charging Mr. White with the following offenses: kidnapping (Count One); first-degree sexual abuse while armed (Counts Two and Four); aggravated assault white armed (Count Six); possession of a firearm during a crime of violence or dangerous offense (Counts Three, Five, and Seven); strangulation (Count Eight); and carrying a pistol without a license (outside home or place of business) (Count Nine). (Indictment, ECF No. 1.) The charges at issue in this case relate to events that are alleged to have occurred between the evening hours of December 18, 2023 and the early morning hours of December 19, 2023. The Government alleges that on December 18, 2023, Mr. White met MB, with whom he had previously been involved in a romantic relationship, at a Ruby Tuesday restaurant in Clinton, Maryland. The Government further alleges that Mr. White kidnapped MB from the restaurant, drove her to an address in Washington, D.C., and sexually assaulted her. MB reported the alleged kidnapping and assault in the early morning hours of December 19, 2023. Mr. White was initially charged in the District Court of Maryland for Prince George's County. Those charges were dismissed in favor of federal prosecution in this District.

On July 22, 2024, the parties appeared before this Court for a status conference. At that hearing, the Court scheduled a pretrial conference for January 3,

2025 and a jury trial for January 13, 2025. On August 6, 2024, the Court issued a detailed Pretrial Order setting further deadlines. Under the Pretrial Order, the Government was due to make "any required expert disclosures pursuant to Rule 16(a)(1)(G) by October 11, 2024." (ECF No. 9.) Mr. White is due to make reciprocal disclosures by November 8, 2024. The Government was further ordered to identify any 404(b) evidence it would seek to introduce by October 11, 2024. Motions *in limine* are due on or before October 25, 2024. Oppositions to any such motions are due on or before November 8, 2024. A hearing on motions *in limine* is scheduled for November 22, 2024.

On October 11, 2024, the Government filed a one-page Notice of Intent to Offer Exert Testimony. (ECF No. 13.) In the Notice, the Government identified five areas in which it would seek to offer expert testimony. The Government also noted that it would seek to elicit "fact witness testimony" from medical providers who treated MB after the alleged offenses, to include a SANE nurse, emergency room physicians, and a dentist. The Government did not file its substantive disclosures on the docket. Those disclosures were emailed to counsel for Mr. White at the time the Government filed its Notice.[1] The Government's disclosures do not comply with Rule 16 or this Court's Pretrial Order.[2]

---

[1] The Government's disclosure letter is attached to this Motion as Exhibit A.

[2] On October 17, 2024, the Government filed its 404(b) motion. Under the Pretrial Order, that motion was due to be filed on or before October 11, 2024.

As to four proposed experts, the Government has disclosed no case-specific information. Instead, the Government has provided disclosures rife with conclusory statements and other generalities that could apply in *every single case* in which the witnesses are called to testify. Indeed, the Government has not even supplied the *name* of its proposed cellular location analysis expert. Additionally, the Government has failed to disclose the any of the information underlying the opinions of its DNA experts. Furthermore, as to certain proposed fact witnesses, the Government seeks to introduce opinion testimony regarding that runs afoul of Rule 701. Moreover, the Government has just recently disclosed for the first time additional discovery. These disclosures threaten Mr. White's ability to obtain his own expert witnesses and his right to a fair trial. In light of the Government's failure to comply in a timely manner with its disclosure obligations, the Court should exclude the testimony of certain witnesses.[3]

## II.    Legal Standard

"Rule 16(a)(1) is meant to contribute to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the

---

[3] On October 18, 2024, counsel for Mr. White sent correspondence to the Government identifying certain deficiencies in the disclosures and alerting the Government that a motion to exclude would be filed.

trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." *United States v. Nelson*, 51 F.4th 813, 819 n.5 (8th Cir. 2022) (internal citation omitted). To that end, Federal Rule of Criminal Procedure 16(a)(1)(G) sets forth the Government's disclosure requirements with respect to expert witnesses. The Rule requires the Government to disclose as to each expert witness: (1) "a *complete statement of all opinions* that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);" (2) "the *bases and reasons*" for all such opinions; (3) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" and (4) "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." Fed. R. Crim. P. 16(a)(1)(G)(iii) (emphasis added). An expert witness must approve and sign the disclosure unless the Government "states in the disclosure why it could not obtain the witness's signature through reasonable efforts" or "has previously provided under [Rule 16(a)(1)(F)] a report, signed by the witness, that contains all the opinions and the bases and reasons for them required by (iii)." Fed. R. Crim. P. 16(a)(1)(G)(v).

Rule 16(a)(1)(E) requires the Government to disclose "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession,

custody, or control and: (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." And Rule 16(a)(1)(F) requires the Government to disclose "the results or reports of any physical or mental examination and of any scientific test or experiment if: (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial." "This materiality standard normally is not a heavy burden; rather, evidence is material as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993) (internal citations omitted). Notably, "both inculpatory and exculpatory evidence may be material to the preparation of a defense to ensure that the defendant is aware of both the 'potential pitfalls' and the strengths of his defense strategy." *United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) (citing *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998)).

"The district court has wide discretion in imposing a sanction if it finds that Rule 16 has been violated." *Marshall*, 132 F.3d at 69. Under Rule 16(d)(2), in the event a party fails to comply with the provisions of Rule 16, a district court may "(A)

order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." The D.C. Circuit has "reject[ed] any suggestion that use of exclusion as a sanction requires some sort of 'least restrictive alternative' analysis." *United States v. Johnson*, 970 F.2d 907, 911 (D.C. Cir. 1992); *see also United States v. Gray-Burriss*, 791 F.3d 50, 56 (D.C. Cir. 2015).

## III.    The Government's Expert Disclosures Are Deficient

### A. Several of the Government's Disclosures Lack any Opinion of the Purported Expert Whatsoever, the Basis for an Opinion or the Data/Discovery Upon Which an Opinion Could be Formed

Trial in this case is less than three months from now. If convicted, Mr. White will be facing decades in prison. He has pled not guilty and has asserted his innocence. Needless to say, he expects his counsel to be prepared for trial. That can only happen if the Government abides by its Rule 16 disclosure obligations and orders of this Court. As noted above, the Government did not file its substantive expert disclosures. Candidly, the Government did not send counsel a substantive disclosure. Rather, in a letter encompassing seven disciplines (DNA, SANE, Strangulation, Domestic Violence and Coercive Control, Cellular Location Analysis, Medicine, and Dentistry) and no fewer than 10 witnesses, the Government

has provided little more than generalities, leaving Mr. White unable to prepare his defense. The Government's disclosures fail to comply with Rule 16.

As to several of the Government's proposed experts, the Government has failed to provide the defense with any opinion whatsoever nor the basis/bases and reasons for any opinion that might come at some point. As to the disclosures pertaining to Sexual Assault Examination (Erin Pollitt), Strangulation (Beth Fitzgerald-Weekley), Domestic Violence and Coercive Control (Dr. Amy Bonomi), and Cellular Location Analysis, the Government has failed to provide Mr. White with an opinion (at least one that applies to this case) or the basis for any purported opinion. In certain areas, discussed below, the defense is not even in possession of the documents/data that are likely to be relied on in forming an opinion (more detail as that problem is listed below. Also in certain areas, the government has provided the defense with a menu of opinions that an expert in that given field might give in some imaginary case – but no opinion that will be testified to in *this* trial.

Mr. White, below, teases out the deficiencies as to each of these proposed experts.

## 1. Sexual Assault Examination: Pollitt and Palmisano

The Government has announced its intent to offer Erin Pollitt as an expert in "sexual abuse, sexual assault injuries or the lack thereof, and sexual assault examinations." Ms. Pollitt did not examine the alleged victim in this case. Before

October 11, 2024, Mr. White had received no indication that the Government would seek to call Ms. Pollitt as a witness. The Government represents that Ms. Pollitt "will base her testimony on review of the medical forensic record and photographs, other associated documents as provided, current standards of practice, evidence-based research, and her own education and experience in the field of forensic nursing." However, the Government has not disclosed any case-specific opinions it intends to elicit from Ms. Pollitt. Indeed, the Government states that Ms. Pollitt is "undergoing a review of records related to this case[.]" This disclosure is deficient. The Government has not provided a complete statement of all opinions and conclusions it will elicit from Ms. Pollitt, nor has it disclosed the bases and reasons for the opinions.[4]

The notice is problematic for additional reasons. The Government has merely rattled off a list Pollitt's purported opinions regarding female genital anatomy while providing *no basis* for these opinions. For example, the Government seeks to have Ms. Pollitt opine that "the absence of genital injury is not inconsistent with having been sexually assaulted, and that it is not uncommon to have normal findings (or an absence of injury/other findings) in sexual assault cases, particularly in women of child bearing age." The Government offers no basis for this opinion. As to each and

---

[4] The Government has still not provided Mr. White with copies of the records that it provided to Ms. Pollitt. However, the Government has represented that it intends to do so.

every opinion supplied in the disclosure, the Government should have supplied Pollitt's reason or basis. Given the state of the Government's disclosure, Mr. White is unable to review Ms. Pollitt's proposed testimony to prepare motions *in limine*. Additionally, Mr. White is unable to consult with experts of his own to review Ms. Pollitt's methodology and findings. Given the Government's failure to comply with Rule 16, the Court should exclude the testimony of Ms. Pollitt.

The Government has also announced that it intends to call Nurse Bianca Palmisano as a fact witness. Mx. Palmisano, unlike Ms. Pollitt, *did* examine the alleged victim in this case. Prior to October 11, 2024, the Government disclosed to Mr. White a 31-page report authored by Mx. Palmisano.[5] The Government also disclosed photographs from the examination of MB. However, on October 21, 2024, the Government disclosed additional material related Mx. Palmisano's examination of MB. Mr. White continues to review these materials.

### 2. Strangulation: Fitzgerald-Weekley

The Government has provided notice of its intent to call Nurse Beth Fitzgerald-Weekley as an expert "regarding asphyxia injuries and strangulation." Before October 11, 2024, Mr. White had not received any material concerning Ms. Fitzgerald-Weekley or her proposed testimony. As with respect to Ms. Pollitt, the

---

[5] This report was part of a 99-page PDF containing various law enforcement materials.

Government has not provided any case-specific opinions or conclusions that it intends to elicit from Ms. Fitzgerald-Weekley. Nor has the Government provided the bases for any such opinions. Instead, the Government has again offered a myriad of generalities, most of which have no application to this case. For example, the Government would seek to have Ms. Fitzgerald-Weekley testify that "the likelihood of becoming a homicide victim is increased 750% after the first strangulation attempt." This is not a homicide case. This purported opinion has no relevance to this matter whatsoever. It is clear that the Government has supplied a boilerplate list of opinions without regard for basic standards of relevance.

In light of the state of the Government's disclosure, Mr. White is unable to review Ms. Fitzgerald-Weekley's proposed testimony to prepare motions *in limine*. Additionally, Mr. White is unable to consult with an expert of his own to review Ms. Fitzgerald-Weekley's methodology and findings.  Given the Government's failure to comply with Rule 16, the Court should exclude the testimony of Ms. Fitzgerald-Weekley.

### 3.    Domestic Violence and Coercive Control: Bonomi

The Government intends to call Dr. Amy Bonomi as an expert in the field of "intimate partner violence and coercive control." As with respect to Ms. Pollitt and Ms. Fitzgerald-Weekley, the Government did not provide any case-specific opinions or conclusions that it intends to elicit from Dr. Bonomi. After Mr. White raised this

issue, the Government represented that it does not intend to elicit case-specific opinions from Dr. Bonomi. Accordingly, Mr. White understands that the Government will no longer seek to ask Dr. Bonomi hypothetical questions based on the evidence presented at trial. Indeed, any answers Dr. Bonomi may provide to such questions would constitute expert opinions that the Government has not disclosed. Additionally, the Government agreed to supplement Dr. Bonomi's CV, which lists prior testimony only by jurisdiction, not by case number.

The Government has notified Mr. White that Dr. Bonomi may testify regarding recantation. To the extent the alleged victim in this case has recanted her account, the Government is required to disclose that information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Moreover, the Government has not provided the reasons or bases for several of Dr. Bonomi's purported expert opinions, including the following:

- "The resulting physical and mental health consequences associated with domestic violence are similar to those of combat veterans."

- "She will explain that it takes, on average, eight attempts before a victim successfully leave [sic], and that a victim is at greatest risk of death when they attempt to leave."

- "[A] recanting victim signifies an especially dangerous offender, rather than an indication that the abuse was not that severe. Recantation means that the victim is often less likely to be taken seriously by the public. In general, the public responds to victims of domestic violence in similar ways as the abuser themselves[.]"

12

- "[A]busers are very successful in manipulating the victims' perceptions of the abuse by downplaying the abuse and blaming it on the victim."

Mr. White intends to address the admissibility of these purported expert opinions in a separate motion *in limine*. However, Mr. White cannot effectively do so at this time because the Government has not provided the specific bases and reasons for each of Dr. Bonomi's opinions. Given the Government's failure to comply with Rule 16, the Court should exclude the testimony of Dr. Bonomi.

### 4.    Cellular Location Analysis: Unknown

The Government intends to call an unnamed witness from the FBI's Cellular Analysis Survey Team (CAST) to testify as an expert in "cellular phone technology, cellular towers, and the analysis of historical cellular phone records for the purpose of determining the approximate location from which a phone was used at the particular time or ranges of times, as well as the analysis of location information including Global Positioning System (GPS) data." This disclosure came as a surprise to Mr. White. None of the Government's prior discovery productions contained any cell phone records. On October 21, 2024, the Government disclosed for the first time that it had sought an obtained a warrant for historical cell site location information (CSLI) for phones belonging to MB and Mr. White. On that same day, the Government produced MB's phone records.[6] The Government has still not identified

---

[6] The Government has represented that it still does not have Mr. White's cell phone records.

its proposed cellular location analysis expert. Nor has the Government provided a complete statement of the opinions the expert will offer or the reasons and bases for them. Without this material, Mr. White is unable to prepare motions *in limine* on this subject. Mr. White is also unable consult with an expert of his own to review the Government's expert's conclusions and methodology. Given the Government's failure to comply with Rule 16, the Court should exclude the testimony of the undisclosed cellular location analysis expert.

**B. Failure to Exclude These Witnesses Would Deny Mr. White a Fair Trial**

The problems with this failure of the Government are obvious and exponential. The obvious: Mr. White cannot prepare for trial without this information; he cannot consult with experts in these govern fields or retain experts that may give counter opinions; he cannot abide the Court's deadline for motions *in limine*; he cannot consider objections as to relevance, scope or unfair prejudice; he cannot research and file *Daubert* challenges. The exponential: Trial is less than 3 months from today and almost exactly three months from the day the Government's disclosures were due. It is now 13 days later and the problems discussed here have not been repaired. Undersigned has two other trials prior to this one – a federal fraud trial in this Court and a murder trial in Maryland state court. We are not the U.S. government. We do not have a team of experts at our disposal. If we need an expert, we need to locate one, get them appointed, make sure they are free for the scheduled

trial time, and then supply them with all of the necessary information – none of which we have at this stage.  Mr. White's right to a fair trial with competent counsel is being crippled.

### C. Other Government Disclosures Are Coupled With Opinions But Violate Rule 16 in Other Respects

#### 1. DNA Testing and Analysis: King and Hopkins

The Government's disclosures as to King and Hopkins are deficient in several respects. As an initial matter, on October 1, 2024, the Government made its first disclosure regarding DNA analysis. On that date, the Government sent by email a two-page report from Brett King of Bode Technology. The report is dated September 24, 2024. In its expert disclosure, the Government made reference to a March 5, 2024 report from Nicole Hopkins. As of the October 11 expert disclosure, the Government had not provided Mr. White with Ms. Hopkins' report. Mr. White was entirely unaware that such a report existed. On October 21, 2024, the Government produced for the first time Ms. Hopkins' two-page report.[7] As of the filing of this Motion, Government has still not provided Mr. White with the full Bode laboratory file regarding this case. Accordingly, the Government has failed to supply Mr. White with the bases and reasons for King's and Hopkins' opinions by the disclosure

---

[7] On that same day, the Government produced for the first time a search warrant for a sample of Mr. White's DNA. Before October 21, 2024, the Government had not produced any search warrants in discovery.

deadline set by the Court.[8] As the Government acknowledges in its disclosure letter, the Government has not provided copies of the disclosure signed by King or Hopkins as required by Rule 16.

In light of these deficiencies, Mr. White is not able to review Mr. King's and Ms. Hopkins' proposed testimony and prepare motions *in limine* on the subject. Moreover, Mr. White is unable to engage his own expert to review Mr. King's and Ms. Hopkins' methodologies and findings. Given the Government's failure to comply with Rule 16, the Court should exclude the testimony of Mr. King and Ms. Hopkins or grant Mr. White other relief permitted by Rule 16.

### 2.  Proposed Fact Witnesses: Treating Physicians and Emergency Dentist

The Government has notified Mr. White of its intent to call as fact witnesses Dr. Kevin Maloy and Dr. David Gordan, who treated MB at Washington Hospital Center, as well as Dr. Dipti Gejji, a dentist who treated MB. The Government represented that these witnesses would testify on the basis of MB's medical and dental records. In response to this disclosure, counsel for Mr. White alerted the Government that it had not provided any of MB's medical or dental records in discovery as required under Rule 16(a)(1)(E), (F), and (G). In response, the

---

[8] The Government has represented that it expects to receive the full laboratory file during the week of October 28, after the deadline for filing motions *in limine*.

Government indicated that it believed these documents were attached to an FBI serial report that had been provided. However, the only attachment to that report was a "Physical 1A/1C" cover sheet. The records themselves *were not* provided. On October 21, 2024, the Government disclosed MB's records from Southern Maryland Hospital Center, Washington Hospital Center, and Neibauer Dental Care of Fort Belvoir.

Despite the fact that the Government has disclaimed an intention to call these witnesses as experts, the Government's disclosure indicates that it intends for these witnesses to opine on "the potential impact of MB's injuries." Such testimony would clearly be "based on scientific, technical, or other specialized knowledge within the scope of [Federal] Rule [of Evidence] 702." *See* Fed. R. Evid. 701. It is therefore not the proper subject of opinion testimony by a lay witness. Mr. White has not had sufficient time to review the records, identify and consult with experts, and prepare motions *in limine* on these subjects. Given the Government's failure to comply with Rule 16, this Court should exclude this testimony or grant Mr. White relief permitted by Rule 16.

## IV.    Request for Emergency Status Conference

As explained above, the Government's expert disclosures are deficient in material respects. In light of the number and magnitude of the issues presented by these disclosures, Mr. White respectfully requests that the Court schedule an

emergency status conference. Mr. White also requests that the Court hold the deadline for filing motions *in limine* in abeyance pending the status conference.

## CONCLUSION

For the reasons stated above and those to be presented at a hearing on this Motion, this Court should exclude the testimony of the Government's proffered expert witnesses as well as the proffered fact witness testimony of the treating physicians and emergency dentist. In light of upcoming deadlines, the Court should convene an emergency status conference in this case.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of October, 2024, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor

18