IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No.  24-cr-039-APM |
| | : | |
| **BRANDON TYRIQ WHITE** | : | |
| | : | |
| Defendant. | : | |

## RENEWED MOTION TO EXCLUDE PROFFERED EXPERT TESTIMONY

Defendant Brandon White ("Mr. White"), by and through his counsel, Michael E. Lawlor, Adam C. Demetriou, and Brennan, McKenna & Lawlor, Chtd., respectfully moves pursuant to Federal Rule of Criminal Procedure 16 to exclude the testimony of four of the Government's proffered expert witnesses. As to each witness, Government failed to comply in a timely manner with its Rule 16 disclosure obligations and this Court's Pretrial Order. As to one witness, Dr. Bonomi, despite having been afforded an opportunity by this Court to supplement its deficient disclosure by *distilling* from a myriad of opinions the witness might express in some hypothetical case the *precise* opinions the Government will seek to introduce at Mr. White's trial, the Government has instead *expanded* the witness' proposed testimony, all the while persisting in its request to have the witness offer a number of patently irrelevant opinions. The Government's conduct frustrates the purposes

1

of Rule 16 and threatens Mr. White's right to a fair trial. The Court should exclude the testimony of these four proffered expert witnesses.

## I. Procedural History

On January 23, 2024, the Government filed an Indictment in this Court charging Mr. White with the following offenses: kidnapping (Count One); first-degree sexual abuse while armed (Counts Two and Four); aggravated assault white armed (Count Six); possession of a firearm during a crime of violence or dangerous offense (Counts Three, Five, and Seven); strangulation (Count Eight); and carrying a pistol without a license (outside home or place of business) (Count Nine). (Indictment, ECF No. 1.)

On July 22, 2024, the parties appeared before this Court for a status conference. At that hearing, the Court scheduled a pretrial conference for January 3, 2025 and a jury trial for January 13, 2025. On August 6, 2024, the Court issued a detailed Pretrial Order setting further deadlines. Under the Pretrial Order, the Government was due to make "any required expert disclosures pursuant to Rule 16(a)(1)(G) by October 11, 2024." (ECF No. 9.) Mr. White was due to make reciprocal disclosures by November 8, 2024.

On October 11, 2024, the Government filed a one-page Notice of Intent to Offer Exert Testimony. (ECF No. 13.) In the Notice, the Government identified multiple disciplines with respect to which it would seek to offer expert testimony.

2

As to the following four proposed experts that remain relevant here, as of the disclosure deadline set the by Court, the Government disclosed no case-specific information: Domestic Violence and Coercive Control (Dr. Amy Bonomi), Sexual Assault Examination (Erin Pollitt), Strangulation (Beth Fitzgerald-Weekley), and CAST.

On October 24, 2024, Mr. White moved to exclude the Government's proposed experts. On November 4, 2024, the Court held a hearing on Mr. White's Motion. The Court indicated that it was considering excluding the testimony of Pollitt, Fitzgerald-Weekley, and the then-unnamed CAST expert and directed the Government to provide case-specific disclosures as soon as possible, at which time the Court would make a final ruling. In a Minute Order following the motions hearing, the Court deferred ruling as to Pollitt, Fitzgerald-Weekley and CAST, and ordered the government to provide to the defense a more detailed disclosure as to Dr. Amy Bonomi.

For the reasons stated in Mr. White's original Motion (ECF No. 15) and his Reply in support (ECF No.18), as well as those argued at the November 4 hearing, this Court should exclude the testimony of Erin Pollitt, Beth Fitzgerald Weekley, and any testimony regarding cell site location analysis. As to Dr. Bonomi, because the Government failed to comply with the Court's Order that it distill from the host of opinions presented deficient disclosure the specific opinions it would seek to

introduce in this case and instead *expanded* the scope of the proffered testimony, the Court should exclude any expert testimony in the filed of domestic violence and coercive control.

II.   Argument

   A. **Pollitt, Fitzgerald-Weekley and CAST**

Mr. White will not repeat here what was argued in his October 24 Motion. The Government failed to comply with Rule 16 and with this Court's Pretrial Order when it ignored the Court's directive that expert disclosures be made by October 11. As noted in the Motion, Rule 16 exists to avoid unfair surprise and to provide the defense with ample time to contest the Government's evidence. In this case, Mr. White's ability to prepare for this trial has been crippled by a series of late disclosures. The Government made its disclosure pertaining to Beth Fitzgerald-Weekley on November 22, 6 weeks later than the Court ordered and only 7 weeks before to the start of the trial in this case.[1] The Government made its case-specific disclosure for Erin Pollitt even later – on November 25. The Government emailed to counsel its draft CAST report on December 14, 2024 – less than 30 days before the

---

[1] This time is of incredible consequence. Undersigned began a murder trial on November 18, 2024, in the Circuit Court for Charles County, Maryland. That trial was expected to conclude on November 22. Instead it ended on December 3.

4

trial in this case.[2] Mr. White cannot confront this evidence in this collapsed timeframe. The prejudice to Mr. White has only grown in the weeks since November 4. Moreover, the Government's reason for its tardiness – that funds for these experts were not available due to budgetary constraints related to end of the fiscal year – does not pass muster. The trial date was set on July 22, 2024. Mr. White's right to a fair trial should not be compromised as a result of the Government's lack of diligence. The Court should exclude these experts.

### B. <u>Bonomi</u>

Although the Court seemed inclined to admit in some form the testimony of Dr. Bonomi, the Government's proffered expert on domestic violence and coercive control, the Court ordered the Government to provide to the defense more detailed disclosure of the opinions it would seek to elicit from the witness and to supply the bases for each opinion.

Inexplicably, rather than distill the overgeneralized initial disclosure, the government ignored the Court's instruction to eliminate those opinions that are clearly not relevant to this case. The Government maintained the irrelevant opinions and added footnotes to them. For example, the Government persists in its request to have Dr. Bonomi express the following:

---

[2] The Government filed its supplemental CAST disclosure on December 16, 2024. As the Court will recall, the Government did not even seek a warrant to obtain cell site location data until days before the original expert disclosure deadline.

5

- "[T]he physical and mental health consequences associated with domestic violence victims are similar to those of combat veterans[.]"

- "She will explain that it takes, on average, 7-8 attempts before a victim successfully leaves, and that a victim is often at greatest risk of death by their abuser when they attempt to leave."

- "[A] recanting victim often signifies an especially dangerous offender[.]"[3]

More troublingly, in its supplemental disclosure, the Government *added* opinions that were not present in the initial disclosure.[4] This leaves Mr. White in the same unenviable position: staring down a trial now less than 30 days from beginning no closer to understanding what opinions the Government will solicit from Dr. Bonomi and in possession of a disclosure with opinions that are not in any way connected to this case.[5] Worst of all, instead of following this Court's Minute Order, the Government took the Minute Order as license to further ignore the Court's October 11 expert disclosure deadline and add even more opinions to Dr. Bonomi's proffered testimony.

---

[3] To justify the inclusion of this opinion, the Government cites to its 404(b) motion – the motion in which the Government erroneously claimed that Mr. White called MB from the Prince George's County Detention Center in an effort to convince her to recant her account.

[4] For example, the Government now seeks to have Dr. Bonomi testify regarding the following, among other new topics: (1) BDSM; (2) strangulation; (3) "the mere presence of a weapon as a threat that danger may occur;" and (4) an abuser's use of his family or friends to reach out to a victim in order to convince a victim to recant.

[5] The Government has *still* not disclosed the hypothetical questions it seeks to ask Dr. Bonomi.

6

"Rule 16(a)(1) is meant to contribute to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at the trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence." *United States v. Nelson*, 51 F.4th 813, 819 n.5 (8th Cir. 2022) (internal citation omitted). The Government's expert disclosures have failed in every way to satisfy Rule 16's mandate. Mr. White is now less than one month from trial and continues to receive late notices that fail to satisfy Rule 16 and this Court's orders. So that Mr. White may receive a fair trial, this Court should exclude these witnesses.

## CONCLUSION

For the reasons stated above and those argued in Defendant's initial Motion, his Reply to the Government's Opposition, and at the hearing held on November 4, 2024, this Court should exclude the testimony of the Government's proffered expert witnesses.

Respectfully submitted,

_____/s/_____
Michael E. Lawlor
Adam C. Demetriou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
(301) 474-0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of December, 2024, the foregoing was served on all parties via ECF.

_____/s/_____
Michael E. Lawlor