**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **Criminal No. 24-CR-39 (APM)** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **BRANDON TYRIQ WHITE,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## JOINT PRETRIAL SUBMISSIONS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Brandon Tyriq White, through counsel (collectively with the government, the "parties"), respectfully submit this Joint Pretrial Submission, including 1) a neutral statement of the case; 2) proposed voir dire; 3) proposed jury instructions; 4) witness lists; 5) exhibit lists; 6) stipulations; and 7) a proposed verdict form. The parties may seek to supplement or revise these instructions in advance of, or during, trial for various reasons, including based on the Court's pretrial rulings on pending motions and based on trial proceedings.

The parties have conferred, and the parties' objections are footnoted for the Court's convenience.

I.    **STATEMENT OF THE CASE**

This is a criminal case and Brandon Tyriq White is the defendant. The government has charged Brandon White by indictment with one count of Kidnapping, two counts of First Degree Sexual Abuse While Armed, one count of Aggravated Assault While Armed, three counts of Possession of a Firearm During a Crime of Violence or Dangerous Offense, one count of Strangulation, and one count of Carrying a Pistol without a License.

The government alleges that beginning on or about December 18, 2023, through on or about December 19, 2023, Mr. White kidnapped his former girlfriend, ██████ by seizing and transporting her against her will from Maryland to the District of Columbia in a vehicle and holding her against her will in the District of Columbia before transporting her back to Maryland. The government further alleges that during the kidnapping, and while in the District of Columbia, Mr. White assaulted ████ through strangulation and forced her to engage in sex acts with him, including oral and vaginal penetration. The government alleges that the sexual and physical assaults occurred when Mr. White had a firearm readily accessible. Finally, the government alleges that Mr. White carried the firearm in the District of Columbia, despite not having a license to carry a gun in the District of Columbia.

Mr. White denies all the allegations in the indictment and the factual context as alleged.

Defense: No objection to all but the last sentence. For the last sentence, Mr. White proposes as follows: Mr. White denies these allegations. Mr. White has entered a plea of not guilty and is presumed innocent of the charges.

## II.    PROPOSED VOIR DIRE

**Proposed Changes to the Court's Standard Voir Dire Questions**

The government requests the following revisions to the Court's proposed voir dire, docketed at ECF No. 9-1. The government's proposed changes are reflected in red.

1.    This is a criminal case entitled *United States v. Brandon Tyriq White*. The charges against Defendant White, include: (1) kidnapping; (2) first degree sexual abuse while armed; (3) aggravated assault while armed; (4) possession of a firearm during a crime of violence; (5) strangulation; and (6) carrying a pistol without a license. The charges arise out of an [**Defense: alleged**] incident involving Mr. White and M.B., which occurred on December 18 and 19, 2023, in the District of Columbia and Maryland. Do you know or have you heard anything about this case? **Defense:** No objection to the Government's edits. Mr. White has proposed one edit as reflected above.

2.    The Government in this case is represented by AUSAs Meredith Mayer-Dempsey and Dana Joseph. Also sitting at the government's table is Paralegal Specialist Melissa Macechko and Federal Bureau of Investigation (FBI) Special Agent Brian Hills. Defendant is Brandon White. He is represented by Michael Lawlor and Adam Demetriou. Do you know any of the people I have just named? Defense: No objection.

3.    [Each side will introduce its witnesses by name, general area of residence, and employment.] Do you know any of the witnesses that have been introduced to you?

4.    [The next four questions relate to you, members of your immediate family, and close personal friends. **Defense proposed edit:** I will refer to you, members of your immediate family, and close personal friends as "that group."] Does anyone in that group now work for, or has anyone in that group ever worked for, any law enforcement agency? This includes any police

department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park Police, FBI, Dept. of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law enforcement agency.

5.    Has any member of that group ever worked for the court system as a clerk, probation officer, parole officer, or in any other capacity?

6.    Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

7.    Have you, any members of your family, or any close friend ever served as a defense attorney, defense investigator, interned at a criminal defense office or firm, or served in some other capacity where you or they provided services to people charged with crimes?[1]

8.    Have you, any members of your family, or any close friend ever applied for a position to provide services to people charged with crimes?[2]

9.    Has any member of that group ever been accused of, arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?[3]

10.    Has any member of that group ever been a victim of sexual assault or domestic violence, or accused of sexual assault or domestic violence?[4]

11.    Has any member of that group ever belonged to an organization that advocates for victims of sexual assault or domestic violence?[5]

12.    Have any of you ever been active members or participants in any crime-prevention organization?

---

[1] Defense: No objection.
[2] Defense: Objection.
[3] Defense: No objection.
[4] Defense: No objection.
[5] Defense: No objection.

13.     Defendant stands accused sexual assault and kidnapping of a former romantic partner and use of a firearm. Do you believe you would be so offended by the nature of these allegations that you would not be able to serve as a fair and impartial juror? [**Defense proposed rewording:** The charges in this case involve sexual assault, kidnapping, and possession of a firearm. Is there anything about the nature of the charges that would prevent you from serving as a fair and impartial juror in this case?]

14.     Every defendant in a criminal case is presumed to be innocent. Mr. White is presently presumed innocent. Do you believe that the nature of the charges against Mr. White would make it difficult for you to apply the presumption of innocence?

15.     The government bears the burden of proving a defendant's guilt beyond a reasonable doubt. If the government fails to offer proof of guilt beyond a reasonable doubt, you must find the defendant not guilty. Do you believe that the nature of the charges against Mr. White would make it difficult for you to hold the government to its burden of proof?

16.     If you are selected as a juror, you will be required to discuss the testimony and evidence presented with your fellow jurors. That is, you will be required to deliberate with your fellow jurors. Do you believe the nature of the charges against Mr. White would make it difficult for you to deliberate if you were selected as a juror?

17.     Would you have any concerns about how your family or friends would react if you served on a jury involving the allegations you have heard about today and found Mr. White not guilty?

18.     Do you believe that every allegation of sexual assault should be considered true?

19.     This case involves allegations of possession of a gun. Do you have such strong views about the laws concerning gun possession, positively or negatively, that would make it difficult for you to serve as an impartial juror?

20.     Please take a look around the room. Do you know any other member of the jury panel?

21.     I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Does anyone have such strong feelings about law enforcement officers – either positive or negative – that would make it difficult for you to be a fair and impartial juror in the case?

22.     Has anyone served as a juror in a criminal case or as a grand juror before?

23.     If you have ever served on a trial jury, without telling us what your verdict was, were you able to reach a verdict?[6]

24.     Would serving as a juror in this case be an extreme hardship to anyone [discuss schedule].

25.     Do you have a health problem that would make it difficult to serve on this jury for the expected length of the trial?

26.     My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason

---

[6] Defense: Objection.

that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

**Government's Proposed Case Specific Voir Dire**

The government proposes the following additional case-specific voir dire:

1.    Portions of the alleged offenses occurred in and around the following locations: 1) a Ruby Tuesday restaurant located at 8881 Branch Avenue, Clinton, Maryland; 2) a residence located at 1925 33rd Street Southeast, Washington, D.C.; 3) a 7-Eleven located at 6570 Coventry Way, Clinton, Maryland; 4) a Super 8 motel located at 110 B South Bragg Street, Alexandria, Virginia; and 5) a Hampton Inn located at 3750 Crain Highway, Waldorf, Maryland. Do any of you live or work near, or have any special familiarity with, the immediate area where the offenses and related conduct are alleged to have occurred?[7]

2.    This case may involve testimony from professionals in the areas of sexual assault examination, strangulation and asphyxia injuries, domestic violence, and cellphone technology. Do any of you have training in any of these fields, or have worked in a hospital, doctor's office, or other office or agency that provides guidance or counseling to alleged victims of sexual abuse and sexual assault?[8]

---

[7] Mr. White objects to any mention of the Super 8 hotel, which is the subject of the Government's pending 404(b) and 413 motion. Mr. White also objects to any mention of the Hampton Inn. None of the charged offenses is alleged to have occurred at the Hampton Inn. **Government: As important aspects of the case occurred at these locations, the government asserts they should remain so that anyone with particular familiarity with them can identify themselves.**

[8] Mr. White objects to any mention of professionals in the areas of strangulation and asphyxia injuries, domestic violence, and cellphone technology. As to each of these areas, the Government failed to comply with Rule 16 and this Court's pretrial order. Mr. White has moved to exclude the testimony of the Government's proffered experts in these fields. Mr. White has also moved to exclude the testimony of Pollitt – a purported expert in sexual assault examination – on the same grounds. However, given that the Government intends to call Palmisano as a fact witness, Mr. White does not object to the mention of the field of sexual assault examination.

3.      Do any of you consider sexual violence to be less problematic or objectionable where the parties involved had a prior consensual sexual relationship?[9]

4.      Do any of you have trouble with the concept that a party may consent to sexual contact with a partner on one occasion, but on another occasion, not consent to such sexual contact? **Defense:** Objection, but if the Court is inclined to propound the question, Mr. White proposes this alternative: In this case, you may hear testimony that a person consented to sexual contact on certain occasions but not on another occasion. Would any of you, if confronted with such testimony, have any difficulty serving as a fair and impartial juror in this case?

5.      You will hear testimony that during their relationship, M.B. at times permitted Mr. White to apply pressure to her neck during sex. Would any of you be so embarrassed, uncomfortable, offended, or otherwise so strongly impacted by this sort of conduct that you would have trouble fairly analyzing her testimony or other evidence in the case? **Defense:** No objection to the first sentence. Mr. White objects to the remainder and proposes this alternative: In light of this anticipated testimony, do any of you have doubts about your ability to serve as a fair and impartial juror in this case?

6.      Do any of you have trouble with the concept that someone could consent to some degree of consensual asphyxiation or "play choking" in a sexual encounter, but not consent to asphyxiation under other circumstances? **Defense:** Objection – whether a juror has "trouble" with an idea is a nebulous concept. Proposed edit: In this case, you may hear evidence that a party consented to being choked on certain occasions but not on another occasion. In light of this

---

[9] Defense: Objection. This question is untethered from the central focus of voir dire, which is to ascertain whether prospective jurors are able to be fair and impartial. What a person considers "problematic" or "objectionable" is irrelevant. What is relevant is whether an individual prospective juror can fairly consider the evidence in this case and render a fair and impartial verdict based solely on the evidence.

potential testimony, do any of you have doubts about your ability to serve as a fair and impartial juror in this case?

**Defense Proposed Additional Voir Dire Questions:**[10]

1.      Is there any member of the prospective jury panel who does not speak, read, write, or understand English well enough to serve as a juror?

2.      Is there any member of the prospective jury panel who has ever been a mandatory reporter of allegations of sexual assault?

3.      The evidence in this case will include testimony regarding a number of sexual acts, including BDSM and anal sex. Is there anything about the nature of this anticipated evidence that causes any of you to doubt your ability to be fair and impartial in deciding this case?

4.      Is there any member of the prospective jury panel who would view witnesses called by the Government more favorably because they were called by the Government, or less favorably because they were called by the Government?

5.      Is there any member of the prospective jury panel who would view witnesses called by the Defense more favorably because they were called by the Defense, or less favorably because they were called by the Defense?

6.      The fact that the Defendant has been charged is not evidence and must not enter into your deliberations. Is there any member of the prospective jury panel who would be unable or unwilling to uphold and abide by this rule of law?

7.      In every criminal case, the burden of proving the guilt of a defendant rests solely on the Government. A defendant has no burden and does not have to prove that he is innocent. Is there any member of the prospective jury panel who would not be willing or able to follow this

---

[10] The government has no objections to the defendant's proposed voir dire.

rule of law?

8.    Under the United States Constitution, a defendant in a criminal case has the right to remain silent. This means that the Defendant is not required to testify in this case, and he does not need to offer any evidence whatsoever. If a defendant chooses not to testify or present evidence, you may not consider those circumstances in any way in making your decision as to whether he is guilty. Do you believe that a defendant should be expected to testify or present evidence to prove that he is not guilty of a charged crime?

III.    **PROPOSED JURY INSTRUCTIONS**

The following proposed jury instructions are printed in their entirety. Unless otherwise indicated, these instructions are taken verbatim from the Criminal Jury Instructions for the District of Columbia, the "Red Book." Any proposed or modified instructions are noted within the instruction itself and designated as such.

**Preliminary Instructions**

1.102        Preliminary Instruction Before Trial

1.105A       Preliminary Instruction when Note-taking is Permitted

1.107        Preliminary Instructions to Jury Where Identity of Alternates is Not Disclosed

1.108        A Juror's Recognition of a Witness or Other Party Connected to the Case

1.110        Witness' Use of an Interpreter – Preliminary Instruction

11

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL**

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial.  I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Instruction 1.105**

**NOTETAKING BY JURORS**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  That is because I permit jurors to take notes during trial if they wish.  Whether you take notes or not is entirely up to you.  Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations.  You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight.  You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight.  At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed.  No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

**Instruction 1.107**

**IDENTITY OF ALTERNATES NOT DISLCOSED**

You have probably noticed that there are fourteen of you sitting in the jury box.  Only twelve of you will retire to deliberate in this matter.  I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  As any seat might turn out to be an alternate's seat, it is therefore important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.[11]

---

[11] Defense: No objection. Mr. White would request that the matter of the number of alternates to be selected be a topic of discussion at the pretrial conference.

**Instruction 1.108**

**A JUROR'S RECOGNITION OF A WITNESS OR OTHER PARTY CONNECTED TO THE CASE**

At the beginning of the jury selection process, you were introduced to some of the parties and the potential witnesses were identified to you by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

**Instruction 1.110**

**A WITNESS' USE OF AN INTEPRETER**

A witness may use the services of a Spanish interpreter in this trial. The interpreter is provided by the court and is a neutral participant in this trial. You should not be biased for or against anyone who uses an interpreter. Do not permit the fact that a witness is using the services of an interpreter to influence you in any way.[12]

---

[12] Mr. White understands that the Government intends to call only one witness who will require the services of an interpreter. Mr. White does not anticipate that any potential defense witness will require an interpreter. Under the circumstances of this case, in which the witness who requires an interpreter will not be a central part of either party's case, Mr. White submits that it would be more appropriate to reserve any instruction on this topic until immediately before the witness testifies.

**Instruction 1.102**

**PRELIMINARY INSTRUCTION BEFORE TRIAL (CONTINUED)**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the grand jury returned an indictment.

As I previously told you, the defendant has been charged with Kidnapping, First Degree Sexual Abuse While Armed, Aggravated Assault While Armed, Possession of a Firearm During a Crime of Violence, Strangulation, and Carrying a Pistol Without a License These offenses are alleged to have been committed against an individual by the name of ███M.B.███ The defendant is presumed innocent of the allegations. In particular, the government alleges that the kidnapped ███M.B.███ sexually and physically assaulted her, and carried a gun in the District of Columbia without being licensed to do so.

You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the indictment as any evidence of the guilt of the defendant or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not

require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant." When I mention the "government," I am referring to Assistant United States Attorneys, Ms. Mayer-Dempsey and Ms. Joseph. When I mention the defendant or the defense, I am referring either to the defendant, Mr. White, or to his attorneys, Mr. Lawlor and Mr. Demetriou.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished with a witness, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the

government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you— are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

As human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow, I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such

objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict, and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the

courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all.  For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions.  If you do overhear a discussion about the case, you should report that to me as soon as you can.  Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal.  Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service.  You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take.  However, you must not give anyone any information about the case itself or the people involved in the case.  You must also warn people not to try to say anything to you or write to you about your jury service or the case.  This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all.  Do not send or accept messages, including email and text messages, about your jury service.  You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you.  You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case.  That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case.  Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation.  All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to.  Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it.  Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong.  It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information.  Each juror must make his or her decision based on the same evidence and under the same rules.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors.  It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.[13]

---

[13] Defense: No objection to the case-specific proposed modifications.

**Anticipated Instructions During Trial**

| | |
|---|---|
| 1.103A | Stipulation of Fact |
| 1.103D | Judicial Notice |
| 1.202 | Cautionary Instruction on the Use of the Internet and Publicity |
| 1.204 | Witness' Use of Interpreter – Before Witness Testifies |
| 2.215 | Specialized Opinion Testimony |
| 2.321 | Other Crimes Evidence |
| 2.08A | Model Jury Instructions for the Eighth Circuit – Defendant's Prior Similar Acts in Sexual Assault Cases |

**Instruction 1.103A**

**STIPULATION OF FACT**

The government and the defendant may stipulate—that is, agree—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.[14]

---

[14] Defense: No objection, to the extent the parties reach stipulations.

**Instruction 1.103D**

**JUDICIAL NOTICE**

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources.  When I take judicial notice of a particular fact, you may, if you choose to do so, regard that fact as proven evidence.  Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.[15]

---

[15] Defense: No objection, subject to the applicability of the instruction.

**Instruction 1.202**

**CAUTIONARY INSTRUCTION ON THE USE OF THE INTERNET AND PUBLICITY**

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

**Defense:** Mr. White proposes deleting the phrase "not on the jury" from the first sentence. In the pattern instruction, this phrase is bracketed. Here, Mr. White anticipates that the jurors will be instructed that they may not discuss the case even among themselves until deliberations have begun. And even then, the jurors will be instructed that they may only discuss the case when all 12 are present in the deliberation room. Including this phrase in a mid-trial instruction may imply that the jurors *are* permitted to discuss the case with one another throughout the trial. Mr. White also proposes deleting the second paragraph as this case has not garnered any significant publicity. To the extent there is publicity, Mr. White would suggest that the Court could revisit a publicity instruction. **Government**: No objection to the defendant's proposed revisions.

27

**Instruction 1.204**

**WITNESS' USE OF INTERPRETER – BEFORE WITNESS TESTIFIES**

I have appointed a qualified interpreter to assist R.S. with her testimony. The interpreter will interpret only what is said and will not add, omit, or summarize anything. The interpreter in this case is [name of interpreter]. The oath will now be administered to the interpreter.

*Oath to Interpreter*

Do you swear or affirm to accurately interpret from English to Spanish and from Spanish to English to the best of your ability?

*Non-English Testimony*

You are about to hear testimony from R.S. who will be testifying in Spanish through the official court interpreter. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of her testimony.

If, however, during the testimony you have a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English interpretation as provided by the court interpreter and not your own interpretation.

You should also understand that witnesses may nod their heads during interpretation, and that this does not necessarily indicate agreement or an affirmative answer. It may merely indicate that the witnesses are following the translation.

You should not consider the mere fact that ██████ has been provided an interpreter in evaluating her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

The fact that the court has provided an interpreter to ██████ does not mean that the court has made a ruling on the extent of her ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.[16]

---

[16] Defense: No objection.

**Instruction 2.215**

**SPECIALIZED OPINION TESTIMONY**

You are about to hear the testimony of [Brett King and Nicole Hopkins, who expressed opinions concerning forensic DNA analysis]; [Erin Pollitt, who expressed opinions regarding sexual assault examinations and sexual assault injuries]; [Beth Fitzgerald-Weekley, who expressed opinions regarding asphyxia injuries and strangulation]; [Amy Bonomi, who expressed opinions concerning domestic violence and coercive control]; [and Special Agent Benjamin Fulp, who expressed opinions concerning cellular phone technology, cellular towers, and the analysis of historical cellular phone records.]

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.  You are not bound to accept any such witness's opinion.  If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.[17]

---

[17] Defense: Pollitt, Fitzgerald-Weekley, Bonomi, and Fulp (CAST) are subject to a pending motion to exclude.

**Instruction 2.321**

**OTHER CRIMES EVIDENCE**
(if applicable/dependent on admissible 404(b) evidence)

You have heard evidence that Brandon White may have previously kidnapped, assaulted, attempted to control, and/or attempted to convince M.B. to change her account. It is up to you to decide whether to accept that evidence.

If you find that the defendant engaged in this behavior as alleged by the government, you may use this evidence only for the limited purposes of deciding/determining whether the government has proved beyond a reasonable doubt that Brandon White intended to commit the crimes charged, acted knowingly and on purpose, and not by mistake or accident.

You may not use this evidence for any other purpose. The defendant is only on trial for the crimes charged. He is not charged in this case with any offense relating to this other conduct, and you may not use this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict him simply because you may believe he may have done bad things not specifically charged as crimes in this case.

You have also heard evidence of the defendant's prior sexual assault of M.B. The next instruction will address how to consider the evidence of the prior sexual assault.[18]

---

[18] Defense: Objection. There is a pending 404(b) motion, which Mr. White has opposed.

**Model Jury Instructions for the Eighth Circuit – Instruction 2.08A**

**DEFENDANT'S PRIOR SIMILAR ACTS IN SEXUAL ASSAULT CASES**
(if applicable/dependent on admissibility of 413 evidence)

You have heard evidence that the defendant may have previously committed a similar offense of sexual assault other than those specifically charged in the Indictment, at a Super 8 Motel in Alexandria, VA. The defendant is not charged with this other offense. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence about what may have occurred at the Super 8 motel, and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find that this offense has not been proved, you must disregard it.  If you find that this offense has been proved, you may consider it to help you decide any matter to which it is relevant. You should give it the weight and value you believe it is entitled to receive.

You may consider the evidence of such other act of sexual assault for its tendency, if any, to show the defendant's propensity to engage in sexual assault, as well as its tendency, if any, to determine whether the defendant committed the acts charged in the Indictment, determine the defendant's intent, to determine the defendant's motive to commit the acts charged in the Indictment, determine the defendant's knowledge, to rebut the contention of the defendant that his participation in the offenses charged in the Indictment was the result of accident or mistake, and to rebut the issue of consent raised by the defense. Remember, the defendant is on trial only for the crimes charged.

You may not convict a person simply because you believe he may have committed a similar act in the past.[19]

---

[19] Defense: Objection. There is a pending 413 motion, which Mr. White has opposed.

**Final Instructions**

2.100        Furnishing the Jury with Copy of the Instructions

2.101        Function of the Court

2.102        Function of the Jury

2.103        Jury's Recollection Controls

1.105        Notetaking by Jurors

2.104        Evidence in the Case – Judicial Notice, Stipulations

2.105        Statements of Counsel

2.106        Indictment Not Evidence

2.107        Burden of Proof—Presumption of Innocence

2.108        Reasonable Doubt

2.109        Direct and Circumstantial Evidence

2.110        Nature of Charges Not to be Considered

2.111        Number of Witnesses

2.112        Inadmissible and Stricken Evidence

2.200        Credibility of Witnesses

2.207        Police Officer's or Law Enforcement Official's Testimony

2.208        Right of Defendant Not to Testify (if applicable)

2.209        Defendant as Witness (if applicable)

2.213        Character of Defendant (if applicable)

2.214        Cross-examination of Character Witness (if applicable)

2.215        Specialized Opinion Testimony

2.216        Evaluation of Prior Inconsistent Statement of a Witness

| | |
|---|---|
| 2.217 | Evaluation of Prior Consistent Statement of a Witness |
| 2.218 | Impeachment by Proof of Conviction of a Crime-Witness (if applicable) |
| 2.230 | Identification |
| 2.304 | Attempted Bribery, Coercion, or Intimidation of Witness |
| 2.307 | Motive |
| 2.321 | Evidence of Other Crimes Admitted to Show Intent, Absence of Mistake, Accident, or Knowledge (if applicable) |
| 2.08A | Model Jury Instructions for the Eighth Circuit – Defendant's Prior Similar Acts in Sexual Assault Cases |
| 2.402 | Multiple Counts – One Defendant |
| N/A | Offenses |
| 9.321 | Consent Defense to Sexual Abuse (if applicable) |
| 3.101 | Proof of State of Mind |
| 3.103 | "On or About" |
| 2.405 | Unanimity |
| 2.407 | Verdict Form Explanation |
| 2.500 | Redacted Documents and Tapes |
| 2.501 | Exhibits During Deliberations |
| 2.502 | Selection of Foreperson |
| 2.505 | Possible Punishment Not Relevant |
| 2.507 | Witness' Use of Interpreter – Final Instruction |
| 2.508 | Cautionary Instruction on Publicity, Communication and Research |
| 2.509 | Communications Between Court and Jury During Jury's Deliberations |
| 2.510 | Attitude and Conduct of Jurors in Deliberations |

2.511        Excusing Alternate Jurors

**Instruction 2.100**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

**Instruction 2.101**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction 2.102**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction 2.103**

**JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction 1.105**

**NOTETAKING BY JURORS**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Instruction 2.104**

**EVIDENCE IN THE CASE – JUDICIAL NOTICE, STIPULATIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [to be inserted at time to trial].  When I take judicial notice of a particular fact, you may, if you choose to do so, regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.[20]

---

[20] Defense: No objection – to the extent the Court does take judicial notice any matters and to the extent the parties enter into stipulations.

**Instruction 2.105**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence.  They are only intended to

assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**Instruction 2.106**

**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of guilt or draw any inference of guilt from it.

**Instruction 2.107**

**BURDEN OF PROOF—PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find the defendant guilty of that offense.  On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt concerning the defendant, it is your duty to find the defendant not guilty of the offense.

**Instruction 2.108**

**REASONABLE DOUBT**

The government has the burden of proving a defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Instruction 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction 2.110**

## NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction 2.111**

**NUMBER OF WITNESSES**
(if applicable)

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

**Instruction 2.112**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.

**Instruction 2.200**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charge against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

**[IF APPLICABLE:]** You may consider whether there are any [consistencies or]

inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction 2.207**

**POLICE OFFICER'S OR LAW ENFORCEMENT OFFICIAL'S TESTIMONY**

A police officer's or law enforcement official's testimony should be evaluated by you just as any other evidence in the case.   In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.   In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a police officer or law enforcement official.[21]

---

[21] Defense: This instruction is redundant in light of the general credibility instruction and does not appear necessary in this case.

**Instruction 2.208**

**RIGHT OF DEFENDANT NOT TO TESTIFY**
(if applicable)

Every defendant in a criminal case has an absolute right not to testify. The defendant has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

**Instruction 2.209**

**DEFENDANT AS WITNESS**
(if applicable)

A defendant has a right to become a witness in his own behalf.   His testimony should not be disbelieved merely because he is the defendant.   In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial.   As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Instruction 2.213**

**CHARACTER OF DEFENDANT**
(if applicable)

The defendant has introduced testimony that he has a good reputation in the community for [character trait] [in the witness's opinion, the defendant is a [character trait] person].  Such evidence may indicate to you that it is unlikely that a [character trait] person would commit the crime charged or it may not.  You may consider this evidence along with other evidence in the case [including evidence that contradicts the defendant's character evidence] and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crimes charged, it is your duty to find him guilty.  On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

**Instruction 2.214**

**CROSS-EXAMINATION OF CHARACTER WITNESS**
(if applicable)

[Name of witness], who was a character witness for the defendant, was questioned regarding previous [arrests] [convictions] [prior acts] of the defendant.  These questions were permitted only to test the basis for and reliability of the witness's testimony.  They do not establish that those events took place or that the defendant committed the offense charged in this case, or that he is a person of bad character.

**Instruction 2.215**

**SPECIALIZED OPINION TESTIMONY**

In this case, you heard the testimony of Brett King and Nicole Hopkins, who expressed opinions concerning forensic DNA analysis; Erin Pollitt, who expressed opinions regarding sexual assault examinations and sexual assault injuries; Beth Fitzgerald-Weekley, who expressed opinions regarding asphyxia injuries and strangulation; Amy Bonomi, who expressed opinions concerning domestic violence and coercive control; and Special Agent Benjamin Fulp, who expressed opinions concerning cellular phone technology, cellular towers, and the analysis of historical cellular phone records.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept any such witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.[22]

---

[22] Mr. White objects to any expert testimony by Pollitt, Fitzgerald-Weekley, Bonomi, and Fulp.

**Instruction 2.216**

**EVALUATION OF PRIOR INCONSISTENT STATEMENT OF A WITNESS**
(if applicable)

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made.  I will now explain how you should evaluate those statements.

**ALTERNATIVE A** (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.  If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

**ALTERNATIVE B** (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witnesses] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] and that this statement[s] may be inconsistent with [his] [her] [their] testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness.  [However, unlike statements not made under oath,] [Y]ou [also] may consider this earlier statement as evidence that what was said in the earlier statement was true.

**ALTERNATIVE C** (for use when prior identification statements are used to impeach a witness):

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent

with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact, inconsistent with it. If you find [However, unlike statements not made under oath,] [Y]ou [also] may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

**Instruction 2.217**

**EVALUATION OF PRIOR CONSISTENT STATEMENT OF A WITNESS**
(if applicable)

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

**Instruction 2.218**

**IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME—WITNESS**
(if applicable)

You have heard evidence that [name of witness] has been convicted of a crime.   You may

consider this conviction only in evaluating the credibility of that witness's testimony in this case.

**Instruction 2.230**

**IDENTIFICATION**

The burden is on the government to prove beyond a reasonable doubt, not only that the offense was committed as alleged in the indictment, but also that the defendant was the person who committed it.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offenses, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of the defendant by an alleged eyewitness.

1. The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2. Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, and any statements or actions by law enforcement officers concerning the identification;

3. Any failure of the witness to identify the defendant as the person who committed the offense;

4. An identification by the witness of another person as the person who committed the offense;

**5.** Any other factors that have been brought to your attention by the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identifications by the witnesses and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that the defendant is the person who committed this offense before you may convict him/her. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.[23]

---

[23] Defense: Objection – not applicable based on the circumstances of this case.

**Instruction 2.304**

**ATTEMPTED BRIBERY, COERCION, OR INTIMIDATION OF WITNESS**

You have heard evidence that Brandon White may have attempted to persuade ▮M.B.▮ ▮▮▮ not to testify or to testify falsely. It is up to you to decide if he attempted to persuade ▮M.B▮ ▮▮▮ not to testify or to testify and if such testimony would have been false. If you find he did so, you may consider this evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider he may have attempted to persuade ▮M.B.▮ for reasons fully consistent with innocence in this case.

If you find that Mr. White attempted to persuade ▮M.B.▮ to testify falsely or not to testify, you should consider this evidence along with all the other evidence in the case and give it as much weight you think it fairly deserves.[24]

---

[24] Defense: Objection.

**Instruction 2.307**

## MOTIVE

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case.  But you may consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**Instruction 2.321**

**OTHER CRIMES EVIDENCE**
(if applicable/dependent on admissible 404(b) evidence)

You have heard evidence that Brandon White may have previously kidnapped, assaulted, attempted to control, and/or attempted to convince M.B. to change her account. It is up to you to decide whether to accept that evidence.

If you find that the defendant engaged in this behavior as alleged by the government, you may use this evidence only for the limited purposes of deciding/determining whether the government has proved beyond a reasonable doubt that Brandon White intended to commit the crimes charged, acted knowingly and on purpose, and not by mistake or accident.

You may not use this evidence for any other purpose. The defendant is only on trial for the crimes charged. He is not charged in this case with any offense relating to this other conduct, and you may not use this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law does not allow you to convict him simply because you may believe he may have done bad things not specifically charged as crimes in this case.[25]

---

[25] Defense: Objection.

**Model Jury Instructions for the Eighth Circuit – Instruction 2.08A**

**DEFENDANT'S PRIOR SIMILAR ACTS IN SEXUAL ASSAULT CASES**
(if applicable/dependent on admissibility of 413 evidence)

You have heard evidence that the defendant may have previously committed a similar offense of sexual assault other than those specifically charged in the Indictment, at a Super 8 Motel in Alexandria, VA. The defendant is not charged with this other offense. You may consider this evidence only if you unanimously find it is more likely true than not true. You decide that by considering all of the evidence about what may have occurred at the Super 8 motel, and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

If you find that this offense has not been proved, you must disregard it. If you find that this offense has been proved, you may consider it to help you decide any matter to which it is relevant. You should give it the weight and value you believe it is entitled to receive.

You may consider the evidence of such other act of sexual assault for its tendency, if any, to show the defendant's propensity to engage in sexual assault, as well as its tendency, if any, to determine whether the defendant committed the acts charged in the Indictment, determine the defendant's intent, to determine the defendant's motive to commit the acts charged in the Indictment, determine the defendant's knowledge, to rebut the contention of the defendant that his participation in the offenses charged in the Indictment was the result of accident or mistake, and rebut the issue of consent raised by the defense. Remember, the defendant is on trial only for the crimes charged.

You may not convict a person simply because you believe he may have committed similar acts in the past.[26]

---

[26] Defense: Objection.

**Instruction 2.402**

**MULTIPLE COUNTS—ONE DEFENDANT**

Each count of the indictment charges a separate offense.   You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count unless I instruct you to do otherwise.   The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

## CHARGES

At the beginning of the trial, I gave you preliminary instructions that generally described the different types of charges that the government has brought against this defendant. The defendant is charged with committing offenses charged in 9 separate counts. I will read those charges to you now and then explain the definitions of terms used in the charges and the elements of each charge. When no formal definition is provided for a term, please rely on your everyday understanding of the word.[27]

---

[27] Defense: Can the Government provide a source for this proposed instruction? Government: this was modeled after instructions provided in other cases. No objection to removing this introduction if the Court is inclined.

**Count One**

**KIDNAPPING**
18 U.S.C. § 1201(a)(1)

Count One of the Indictment charges the defendant with unlawfully kidnapping and holding M.B. To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away M.B. and

2. The defendant held M.B. for ransom, reward, or other benefit or reason; and

3. M.B. was transported in interstate or foreign commerce; or the defendant traveled in interstate or foreign commerce or used the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense; and

4. The defendant acted unlawfully, knowingly, and willfully.

**<u>Definitions</u>**

That someone was held **"for ransom or reward"** does not necessarily mean that she was held for monetary gain or for an illegal purpose. Rather, any purpose that the defendant believes may benefit him qualifies.

The terms **"seize,"** **"confine,"** **"inveigle,"** **"decoy,"** **"kidnap,** **"abduct,"** and **"carry away"** have their ordinary meanings. To **"inveigle"** is to persuade somebody to do something by means of deception or flattery.

The term **"knowingly"** means intentionally and voluntarily, and not because of mistake, ignorance, or accident.

**"Transported"** or **"traveled"** in **"interstate commerce"** means transporting or traveling

70

between one state and another state.

Using any "**means, facility, or instrumentality of interstate commerce**" includes the use of cellphones, cellphone calls, text messages, internet, automobiles, and interstate highways.

Accordingly, the government must prove either (1) the defendant crossed a state line while intentionally transporting M.B. ▮ or (2) the defendant traveled between one state and another state in committing or in furtherance of the commission of the kidnapping; or (3) the defendant used cellphones, cell phone calls, text messages, internet, automobiles, or an interstate highway in committing or in furtherance of the commission of the kidnapping.

The government does not have to prove that the defendant knew he was crossing a state line. For these purposes, the District of Columbia is a state. If you find that the defendant used cellphones, cell phone calls, text messages, internet, automobiles, or an interstate highway in committing or in furtherance of the commission of the kidnapping, the government does not have to prove that either M.B. ▮ or the defendant crossed a state line.[28]

---

[28] Objection. The Government has not provided a source for this non-pattern instruction. Government: *see United States v. Marcel Vines and Malique Lewis*, case no. 19-CR-166 (DLF), ECF No. 167.

**Instruction 4.400**

**Counts Two and Four**

**FIRST DEGREE SEXUAL ABUSE WHILE ARMED**
22 D.C. Code 3002(a)(1), (a)(2), (a)(6), 4502 (2001 ed.)

Counts Two and Four of the Indictment charge the defendant with First Degree Sexual Abuse While Armed. To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, the defendant engaged in a sexual act with ███ M.B. ███ or caused ███ M.B. ███ ███ to engage in or submit to a sexual act. Here, the specific sexual acts alleged are that the defendant penetrated ███ M.B. ███ vulva with his penis (Count Two); and the defendant engaged in contact between ███ M.B. ███ mouth and his penis (Count Four); and

2. The defendant did so (a) by using force against ███ M.B. ███ or (b) by threatening ███ M.B. ███ or placing ███ M.B. ███ in reasonable fear that ███ M.B. ███ would be subjected to death, bodily injury, or kidnapping if ███ M.B. ███ did not engage in or submit to the sexual act.

With respect to Count Two, if you find these elements proven, you should then proceed to the next part of the verdict form and decide whether, at the time of the offense, the defendant was armed with, or had readily available, a firearm.[29]

Also with respect to Count Four, if you find these elements proven, you should then proceed to the next part of the verdict form and decide whether, at the time of the offense, the defendant was armed with, or had readily available, a firearm.

---

[29] Criminal Jury Instructions for DC, Instruction 8.101, Armed Offenses – Added Element.

## Definitions

**Force** means the use or threatened use of a weapon, the use of such physical strength or violence as is sufficient to overcome, restrain or injure a person, or the use of a threat of harm sufficient to coerce or compel submission by the victim.

To establish that the defendant **penetrated** ███M.B.███ vulva with his penis, any penetration, however slight, is sufficient.

The emission of semen is not required for this crime to be complete.

The term "**vulva**" means external parts of the female sexual organ.

The term "**firearm**" includes any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The government need not prove that the firearm was loaded or operable.

"**Armed with**" means the actual physical possession of the pistol or other firearm.

"**Readily available**" means that the firearm was within easy access of the defendant, he knew it was there, and he had both the ability and the intent to exercise control over it.

In deciding whether the defendant was armed with, or had readily available, a firearm, you may consider all of the circumstances surrounding its possession and use. Under District of Columbia law, a firearm is a weapon.[30]

---

[30] Defense: Objection. Certain portions of this instruction are not from the pattern instructions found at 4.400 and 8.101. The Government has not identified the non-pattern portions or provided a source for them. Government: counsel for the government reached out to the defense for clarification on this objection.

**Instruction 9.321**

**CONSENT**
(if applicable)

You have heard evidence that ███ M.B. ███ may have consented to the defendant penetrating ███ M.B. ███ vulva with his penis (Count Two) and making contact between his penis and her mouth (Count Four).  You may consider evidence of consent in deciding whether the government has proved beyond a reasonable doubt that the defendant engaged in, or cause ███ M.B. ███ to engage in, the sexual act alleged in Count Two (penetration of ███ M.B. ███ vulva by the defendant's penis) and Count Four (contact between the defendant's penis and ███ M.B. ███ mouth) by using force against ███ M.B. ███ and by threatening or placing ███ M.B. ███ in reasonable fear that ███ M.B. ███ would be subjected to death, bodily injury, or kidnapping.

Consent means words or actions indicating a freely given agreement to the sexual act alleged in Count Two and Count Four.  A lack of verbal or physical resistance or submission by ███ M.B. ███ does not constitute consent if caused by the defendant's use of force, threats, or coercion.

The government must prove beyond a reasonable doubt that ███ M.B. ███ did not voluntarily consent to the sexual acts alleged in Count Two and Count Four.

**Instruction 4.103**

**Count Six**

**AGGRAVATED ASSAULT WHILE ARMED**
22 D.C. Code §§ 404.01, 4502 (2001 ed.)

Count Six of the Indictment charges the defendant with Aggravated Assault While Armed. To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.   The defendant caused serious bodily injury to M.B. and

2.   The defendant either (a) intended to cause serious bodily injury to M.B. or (b) knew that serious bodily injury to M.B. would result from his conduct; or (c) was aware that his conduct created an extreme risk of serious bodily injury to M.B. and under circumstances which demonstrated an extreme indifference to human life, the defendant engaged in that conduct nonetheless.

With respect to Count Six, if you find these elements proven, you should then proceed to the next part of the verdict form and decide whether, at the time of the offense, the defendant was armed with, or had readily available, a firearm.[31]

**<u>Definitions</u>**

"**Serious bodily injury**" is an injury that involves unconsciousness, extreme physical pain, protracted and obvious disfigurement, protracted loss or impairment of the function of a bodily member, organ or mental faculty or a substantial risk of death.

---

[31] Criminal Jury Instructions for DC, Instruction 8.101, Armed Offenses – Added Element.

**Instructions 6.510 and 3.104(C)**

**Counts Three, Five, and Seven**

**POSSESSION OF A FIREARM DURING A CRIME OF VIOLENCE
OR DANGEROUS OFFENSE**
22 D.C. Code § 4504(b) (2001 ed.)

Count Three of the Indictment charges the defendant with the offense of possession of a firearm while committing the crime of First Degree Sexual Abuse While Armed, as set forth in Count Two.

Count Five of the Indictment charges the defendant with the offense of possession of a firearm while committing the crime of First Degree Sexual Abuse While Armed, as set forth in Count Four.

Count Seven of the Indictment charges the defendant with the offense of possession of a firearm while committing the crime of Aggravated Assault While Armed, as set forth in Count Six.

To find a defendant guilty of these offenses, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant possessed a firearm; and

2. He possessed the firearm while committing a crime of violence or dangerous crime; and

3. He did so voluntarily and on purpose, not by mistake or accident.

**<u>Definitions</u>**

To "**possess**" means to have physical possession or to otherwise exercise control over tangible property. A person may possess property in either of two ways. First, the person may have physical possession of it by holding it in his or her hand or by carrying it in or on his or her body or person. This is called "actual possession." Second, a person may exercise control over property

not in his or her physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession."

Mere presence near something or mere knowledge of location, however, is not enough to show possession. To prove possession of a firearm by a defendant in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of it.

In addition, the law recognizes the possibility that two or more individuals can jointly have property in their constructive possession. Two or more persons have property in their joint constructive possession when they each have both the power and the intent at a given time to control the property.

The term "**firearm**" has the meaning used in the instructions for Counts Two and Four.

The offenses of First Degree Sexual Abuse While Armed, as charged in Counts Two and Four, and Aggravated Assault While Armed, as charged in Count Six, are crimes of violence in the District of Columbia. If you are not convinced that the government has proved beyond a reasonable doubt all of the elements of Count Two, then you must find the defendant not guilty of Count Three. If you are not convinced that the government has proved beyond a reasonable doubt all of the elements of Count Four, then you must find the defendant not guilty of Count Five. If you are not convinced that the government has proved beyond a reasonable doubt all of the elements of Count Six, then you must find the defendant not guilty of Count Seven.

**Instruction 4.106**

**Count Eight**

**STRANGULATION**
22 D.C. Code § 404.04 (2001 ed.)

Count Eight of the Indictment charges the defendant with the offense of Strangulation. To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant restricted the normal circulation of blood or the breathing of ██████ ██████ and

2. The defendant did so by applying pressure on the throat or neck of ██████ or blocking the nose or mouth of ██████ and

3. At the time, the defendant either (a) intended to restrict the normal circulation of the blood or breathing of ██████ or (b) knew that the restriction of the normal circulation of the blood or breathing of ██████ would result from his conduct; or (c) was aware that his conduct created a substantial and unjustifiable risk of restricting ██████ normal circulation of the blood or breathing, and consciously ignored or deliberately disregarded that risk.

**<u>Definitions</u>**

For this offense, a person acts **knowingly** when he is aware that it is practically certain that his conduct will cause the result.

**Instruction 6.500**

**Count Nine**

**CARRYING A PISTOL WITHOUT A LICENSE**
**(OUTSIDE HOME OR PLACE OF BUSINESS)**
22 D.C. Code § 4504(a)(1) (2001 ed.)

Count Nine of the Indictment charges the defendant with the offense of Carrying a Pistol Without a License. To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. The defendant carried a pistol on or about his person; and

2. He did so voluntarily and on purpose, and not by mistake or accident; and

3. The defendant was not licensed to carry the pistol by the Chief of Police of the District of Columbia; and

4. He carried the pistol in a place other than his home, place of business, or land or premises possessed and controlled by him.

**<u>Definitions</u>**

The term "pistol" means a firearm that has a barrel less than 12 inches in length or that was originally designed to be fired with a single hand. The term "firearm" means a weapon, regardless of operability, which will, or is designed or redesigned, made or remade, readily converted, restored, or repaired to, or is intended to, expel a bullet or other projectile by the action of an explosive.

A person carries a pistol on or about his person if it was on his person or if it was conveniently accessible to him and within his reach.

Mere presence near a pistol or mere knowledge of its location is not enough to show that the defendant carried it. The defendant must have the power and intent to exercise control over the pistol.

It shall not be a defense to this section that the firearm in question was registered in another state.[32,33]

---

[32] While not in the standard Redbook Instruction, this language is supported by the plain language of 7 D.C. Code 2502.01(a) (requiring a valid certificate from the D.C. Chief of Police to carry a firearm in the District) and *Hargrove v. United States*, 55 A.3d 852 (D.C. 2012) (rejecting appellant's argument that his prior status as a Metropolitan Police Department Officer and the fact that his gun was registered in Maryland absolved him of liability under 22 D.C. Code § 4504(a)).

[33] Defense: Mr. White objects to any deviation from the standard instruction.

**Instruction 3.101**

**PROOF OF STATE OF MIND**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction 3.103**

**"ON OR ABOUT"**

The defendant is charged with committing the offenses charged in Counts One through Nine "on or about" certain dates.  The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Instruction 2.405**

**UNANIMITY**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

**Instruction 2.407**

**VERDICT FORM EXPLANATION**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements that the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**Instruction 2.500**

**REDACTED DOCUMENTS AND TAPES**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.  Where this has occurred, I have required the irrelevant parts of the statement to be blacked out or deleted.  Thus, as you examine the exhibits, and you see or hear a statement where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out.[34]

---

[34] Defense: At this time, Mr. White does not object to this instruction. However, it does deviate from the pattern instruction.

**Instruction 2.501**

**EXHIBITS DURING DELIBERATIONS**

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for the weapon and ammunition[35]. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the weapon and ammunition, please notify the clerk by a written note, and the marshal will bring them to you. For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room. You may ask to examine this evidence as often as you find it necessary.

---

[35] Defense: Mr. White is not charged with unlawful possession of ammunition.

**Instruction 2.502**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission--to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction 2.505**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction 2.507**

**WITNESS' USE OF INTERPRETER – FINAL INSTRUCTION**

You have heard testimony from ███████ who used the services of a Spanish interpreter in this trial.  You are to consider only the evidence provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

As I have previously instructed you, you should not be biased for or against anyone who uses an interpreter. Do not permit the fact that ██████ is using the services of an interpreter to influence you in any way.

You should not consider the mere fact that ███████ has been provided an interpreter in evaluating his/her credibility. You must evaluate interpreted testimony as you would any other testimony. That is, you must not give interpreted testimony any greater or lesser weight than you would if the witness had spoken English.

If you observed that the witness nodded his/her head during interpretation, you should consider that this did not necessarily indicate agreement or an affirmative answer but may have only indicated that the witness was following the translation.

The fact that the court has provided an interpreter to ███████ does not mean that the court has made a ruling on the extent of her ability to speak or understand the English language. Use of an interpreter should not be considered evidence in this case.[36]

---

[36] Defense: Objection – the instruction is redundant. The Government has already proposed that it be given elsewhere in the trial.

**Instruction 2.508**

**CAUTIONARY INSTRUCTION ON PUBLICITY,
COMMUNICATION AND RESEARCH**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction 2.509**

**COMMUNICATIONS BETWEEN**
**COURT AND JURY DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter--for example, 6-6 or 7-5 or 11-1, or in any other fashion--whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction 2.510**

**ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction 2.511**

**EXCUSING ALTERNATE JURORS**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal. We selected [two] [insert other number as appropriate] seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats [insert seat numbers].

Before you [two] [insert other number as appropriate] leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.[37]

---

[37] Defense note on instructions: Mr. White will be proposing a venue instruction. The jury must be informed that it may not find Mr. White guilty of any DC code offenses on the basis of conduct that occurred outside of DC. Mr. White also will propose a special unanimity instruction. Mr. White will also propose a theory of the case instruction at the appropriate time.

Government: the Government requests that these proposed instructions be provided with time for it to respond.

## IV.    WITNESS LISTS

The Government's witness list is provided with this filing as Sealed Exhibit A.

## V.    EXHIBIT LISTS[39]

The Government's exhibit list is provided with this filing as Sealed Exhibit B.

---

[39] The Government shared its exhibit list and stamped exhibits on December 23, 2024. Mr. White has not yet had a chance to review those materials.

## VI.    STIPULATIONS

The government provided the defense with the below proposed stipulations on December 13, 2024. On December 23, 2024, the defense provided comments and objections to these, listed below. The parties will communicate with each other regarding the stipulations and provide any agreed upon stipulations to the Court.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 24-CR-39 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRANDON TYRIQ WHITE,** | : | |
| | : | |
| **Defendant.** | : | |

**PROPOSED TRIAL STIPULATIONS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, Brandon Tyriq White, hereby agree and stipulate as follows:

**DNA Evidence**

1.      On December 19, 2023, forensic nurse examiner Bianca Palmisano collected DNA samples from M.B. by taking samples from the following areas: vaginal/cervical swabs (later assigned sample name WDC2401-0018-E-01); oral swabs (WDC2401-0018-E-02); lips/lip area swabs (WDC2401-0018-E-03); neck swabs (WDC2401-0018-E-04); external genitalia swabs (WDC2401-0018-E-05); and a known blood sample (WDC2401-0018-R-06). On December 21, 2023, a Metropolitan Police Department detective picked up the samples from Washington Hospital Center. Ultimately, the samples were transported to Bode Technology, a DNA laboratory, for analysis. The samples were received by Bode Technology on January 4, 2024. At all times, the evidentiary integrity of the swabs was maintained, and the chain of custody for those items was proper and unbroken.[40]

---

[40] Defense: Can the Government provide the chain of custody documentation?

2.      On April 17, 2024, FBI Special Agent Bridgett Soares collected a DNA sample from Brandon White by administering a buccal swab on the inside of his cheek. Special Agent Soares was qualified to administer the buccal swab, used proper techniques to collect the DNA sample, and followed appropriate forensic protocols to ensure the integrity of the DNA sample.[41] Mr. White's buccal swab was ultimately transported to Bode Technology, a DNA laboratory, for analysis. The sealed samples were received by Bode Technology on July 25, 2024, and given sample name WDC2401-0018-R-07. At all times, the evidentiary integrity of the swabs was maintained, and the chain of custody for those items was proper and unbroken.[42]

3.      Forensic DNA analysts Nicole Hopkins and Brett King of Bode Technology performed DNA analysis in this case. Ms. Hopkins and Mr. King are qualified to conduct all laboratory tasks associated with the DNA analysis.  However, for purposes of laboratory efficiency, some tasks in this case were performed by other Bode Technology forensic science professionals working in the Bode Technology laboratory, to include Kennyssa Jean-Bart, Maria Vittoria Fronda, Oluwakemi Sowemimo, Amber Christly, Sabrina Martins, Briana Malcolm, Mara Bestram, Samatha Touro, Madeline Tadeux, Karesa Ruiz, and Marina Metalon. Ms. Hopkins and Mr. King reviewed all laboratory work performed by other professionals in support of the DNA analysis that they performed in this case.[43]

4.      If called to testify at trial, these individuals would testify that they performed the following laboratory tasks in relation to the DNA analysis in this case: 1) cutting swabs containing

---

[41] Defense: Can the Government supply Agent Soares' qualifications to take DNA samples?

[42] Defense: Can the Government provide the chain of custody documentation?

[43] Defense: Can the Government explain the role each of these people performed?

DNA samples; 2) extracting DNA from the swabs, to include running extraction on Bode Laboratory machines; 3) transferring materials from trays to tube; and 4) performing tasks known as quantification, concentration, evidence amplification, and capillary electrophoresis.

5.    At all times, the Bode Technology professionals involved in the DNA analysis in this case maintained the chain of custody of the evidence and the DNA extracted therefrom.

## Surveillance Footage

6.    The below Government's Exhibits are unaltered copies of surveillance video, which fairly and accurately reflect the events captured, from the following sources and locations:

   a.    Exhibits 011, 012, and 013 are footage from Panda Express, located at 8871 Branch Avenue, Suite E, Clinton, Maryland from December 18, 2023, between 9:00 p.m. and 10:00 p.m. The time stamps in these videos accurately reflect the date and time.

   b.    Exhibits 001, 002, 003, 005, and 004 are footage from 7-Eleven, located at 6570 Coventry Way, Clinton, Maryland, from December 18, 2023, between 12:30 a.m. and 1:08 a.m. The time stamps in these videos accurately reflect the date and time.

## Physical Evidence

7.    On December 23, 2023, cleaning staff at the Hampton Inn Waldorf, located at 6750 Crain Highway, Waldorf, Maryland, discovered a firearm in a room registered to Brandon White. Hotel personnel notified police, who responded to the hotel and recovered the gun. The gun was a Glock 19, semi-automatic handgun, with serial number BUAT528. The gun was registered in the state of Maryland to Brandon White. The gun was subsequently taken into FBI custody as evidence. Government's Exhibit 500 is the same firearm found by cleaning staff at the Hampton Inn Waldorf on December 23, 2023.[44]

---

[44] Defense: Can the Government provide chain of custody documentation?

**Business Records**

8.     The following Government's Exhibits are authentic copies of business records on file with each of the following companies. The records were automatically made at or near the time of the reflected activity and kept during the companies' regularly conducted business. Neither party challenges the authenticity of these records.[45]

| Exhibit | Description |
|---|---|
| 420A, B | Excerpts from MedStar Southern Maryland Hospital Center Records of M.B. ████ |
| 419 | Excerpts from MedStar Washington Hospital Center Records of M.B. ████ |
| 402 | District of Columbia Forensic Nurse Examiners Medical Forensic Chart of M.B. ████ |
| 421 | Excerpts of Neibauer Dental Care Records of M.B. ████ |
| 422 | Prince George's County, Maryland Fire/Emergency Medical Services Department Records |
| 009 | Prince George's County Government Office of Homeland Security Audio Records Section, 9-1-1 call |
| 108 | Metropolitan Police Department Certificate of Record/No Record of Firearms Registration Certificate |
| 109 | Maryland State Police Applicant Firearm History Report |
| 115 | Wyndham Hotels and Resorts Stay Records |
| 110, 111 | Ruby Tuesday Receipt and Records |
| 112 | T-Mobile Records for the phone number used by M.B. ████ |
| 113, 114 | Verizon Wireless Records for the phone number used by Brandon White |
| 100 | Apple Records associated with Apple ID www.underdog_911@yahoo.com |
| 101 | Block, Inc. (CashApp) Records associated with phone number 202-669-2505 |

---

[45] Defense: Can the Government supple the portions of these records it will seek to admit and supply any business records certifications?

FOR THE DEFENDANT

FOR THE UNITED STATES

_____

Brandon Tyriq White

_____

Michael Lawlor
Counsel for Mr. White

_____

Adam Demetriou
Counsel for Mr. White

_____

Meredith E. Mayer-Dempsey
Dana Joseph
Assistant United States Attorneys

**VII.    PROPOSED VERDICT FORM**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 24-CR-39 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRANDON TYRIQ WHITE,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>VERDICT FORM</u>**

We, the Jury, hereby return this unanimous verdict in the above-captioned case:

**<u>COUNT ONE</u>:**        **Kidnapping**

With respect to Count One, the charge of Kidnapping, how do you find the defendant, Brandon White?

_____        _____
NOT GUILTY              GUILTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**<u>COUNT TWO</u>:**        **First Degree Sexual Abuse**

With respect to Count Two, the charge of First Degree Sexual Abuse, how do you find the defendant, Brandon White?

_____        _____
NOT GUILTY              GUILTY

**If you find the defendant NOT GUILTY as to Count Two, go on to Count Four.**

**If you find the defendant GUILTY as to Count Two, you must answer the following question:**

Do you unanimously find beyond a reasonable doubt that at the time of the offense the defendant was armed with or had readily available a firearm?

_____        _____
NO                     YES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT THREE**:    **Possession of a Firearm During a Crime of Violence**

With respect to Count Three, the charge of Possession of a Firearm During a Crime of Violence, how do you find the defendant, Brandon White?

_____                    _____
NOT GUILTY                         GUILTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT FOUR**:    **First Degree Sexual Abuse**

With respect to Count Two, the charge of First Degree Sexual Abuse, how do you find the defendant, Brandon White?

_____                    _____
NOT GUILTY                         GUILTY

**If you find the defendant NOT GUILTY as to Count FOUR, go on to Count Six.**

**If you find the defendant GUILTY as to Count Four, you must answer the following question:**

Do you unanimously find beyond a reasonable doubt that at the time of the offense the defendant was armed with or had readily available a firearm?

_____                      _____
NO                                YES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT FIVE**:    **Possession of a Firearm During a Crime of Violence**

With respect to Count Five, the charge of Possession of a Firearm During a Crime of Violence, how do you find the defendant, Brandon White?

_____                    _____
NOT GUILTY                         GUILTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT SIX:**           **Aggravated Assault**

With respect to Count Six, the charge of Aggravated Assault, how do you find the defendant, Brandon White?

_____                          _____
NOT GUILTY                          GUILTY

**If you find the defendant NOT GUILTY as to Count Six, go on to Count Eight.**

**If you find the defendant GUILTY as to Count Six, you must answer the following question:**

Do you unanimously find beyond a reasonable doubt that at the time of the offense the defendant was armed with or had readily available a firearm?

_____                          _____
NO                                  YES

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT SEVEN:**        **Possession of a Firearm During a Crime of Violence**

With respect to Count Seven, the charge of Possession of a Firearm During a Crime of Violence, how do you find the defendant, Brandon White?

_____                          _____
NOT GUILTY                          GUILTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT EIGHT:**        **Strangulation**

With respect to Count Eight, the charge of Strangulation, how do you find the defendant, Brandon White?

_____                          _____
NOT GUILTY                          GUILTY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COUNT NINE:**        **Carrying a Pistol Without a License**

With respect to Count Nine, the charge of Carrying a Pistol Without a License, how do you find the defendant, Brandon White?

_____                          _____
NOT GUILTY                               GUILTY


Dated: _____          _____
                                     FOREPERSON