UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 24-CR-39 (APM) |
| v. | : |
| BRANDON TYRIQ WHITE, | : |
| Defendant. | : |

### GOVERNMENT'S REPLY TO DEFENDANT'S RENEWED MOTION TO EXCLUDE EXPERT WITNESSES

The United States of America, through undersigned counsel, respectfully files this reply to the defendant's renewed Motion to Exclude Proffered Expert Testimony, ECF No. 30. This filing incorporates by reference the Government's initial opposition (at ECF No. 17) to the defendant's Motion to Exclude Proffered Expert and Fact Witness Testimony (at ECF No. 15).

### RELEVANT DATES

On October 11, 2024, the government filed expert notice in the following areas: 1) DNA Analysts Brett King and Nicole Hopkins, Bode Technology; 2) Dr. Amy Bonomi, Domestic Violence and Coercive Control; 3) Beth Fitzgerald-Weekley, Strangulation and Asphyxia Injuries; 4) Erin Pollitt, Sexual Assault Examination and Sexual Assault Injuries; and 5) FBI Cellular Analysis Survey Team, Cellular Location Information. On October 24, 2024, the defendant moved to exclude these experts, and the government filed its response on October 31, 2024. An initial hearing on the defendant's motion was held on November 4, 2024.

As to the DNA experts, the defendant appears to have withdrawn his objections. As to Dr. Bonomi, the Court ordered the government to "provide a more detailed disclosure of her expected testimony and the basis thereof" in its November 4, 2024, Minute Order. The government supplemented its notice on November 13, 2024.

As to Ms. Pollitt (SANE), Ms. Weekley (strangulation and asphyxia), and FBI CAST, the government's October 11, 2024, notice outlined their anticipated areas of testimony. However, it was awaiting case-specific opinions from these experts, which were provided and filed on November 22 (Weekley), November 25 (Pollitt), and December 16 (FBI CAST). On December 16, 2024, the defendant filed the instant motion (ECF No. 30).

## ARGUMENT

The defendant argues the testimony of Ms. Pollitt, Ms. Weekley, and FBI CAST Agent Benjamin Fulp should be excluded because their notices were not complete as of the October 11, 2024, deadline, claiming an inability to adequately meet the evidence in the resulting timeframe. *See* Def. Renewed Mot., ECF No. 30, at 4. This Court should not impose such a drastic remedy given the circumstances present here.

1. **Beth Fitzgerald-Weekley (Strangulation and Asphyxia Injuries) and Erin Pollitt (Sexual Assault Examination and Sexual Assault Injuries)**

The defendant has not been ambushed, nor is he left with no remedy. He has been offered a trial continuance and has so far declined it. His attempts to exclude the government's experts appear aimed at diminishing the breadth of the government's evidence, rather than ensuring he has adequate time to respond. To be sure, the complete expert disclosures of Ms. Weekley and Ms. Pollitt were not timely. However, the defendant was put on notice three months prior to trial of the types of experts the government sought to present, with fulsome summaries of the subject matter of their testimony. Only the case-specific opinion portions were incomplete. The defendant could have, at that time, engaged with its own experts to independently analyze the evidence. Indeed, the defendant had the bulk of material these experts relied upon since March of 2024,[1] and all of it as

---

[1] The defendant previously argued that he was not provided with M.B.'s medical records from Washington Hospital Center or Southern Maryland hospital until October. As discussed in

of October. As of the date of this filing, and three weeks out from trial, the defendant has not noticed any experts or sought the government's position on whether it would oppose such notice. He has not sought a continuance, despite the government's representations that it would not oppose one should he require it to be prepared.

As to Ms. Pollitt, she ultimately opined that the documented physical findings were consistent with blunt force trauma, and the documented genital injury consistent with both non-consensual and consensual sexual contact. In other words, her case specific opinions were in line with the expected findings and far from revelatory. Moreover, SANE experts are called to testify in nearly every sexual assault case. Particularly where, as here, the victim received a SANE examination following the assault and evidence was documented and collected. The defendant has had the SANE report since February of 2024. That the defendant was somehow blindsided by this information strains credulity.

So, too, with Ms. Weekley, who ultimately opined, in short, regarding the seriousness and life threatening nature of the strangulation M.B. suffered. Where the government charged Aggravated Assault under the theory that the victim was placed at a substantial risk of death, it should come as no surprise that testimony of this sort would be elicited.

2. **Benjamin Fulp, FBI CAST**

The defendant makes no specific argument regarding how he is prejudiced from the late disclosure of the CAST report. He was provided with the records SA Fulp relied upon on October 21, 2024 (T-Mobile) and November 7, 2024 (Verizon). As with the other experts, the government

---

the government's initial opposition, this was in error. And the discovery he did receive referenced the medical records at various points. Had he brought to the government's addition that the records referenced in the production had not properly uploaded, this issue could have been easily fixed. Importantly, he received the medical records from the SANE examination in February 2024.

3

is unaware of efforts by the defendant to have these records independently analyzed, and he has not sought the government's position on receiving additional time to do so.

Moreover, the CAST findings are unlikely to be in dispute. In laymen's terms, and subject to further explanation by SA Fulp, the records are consistent with the defendant and M.B. being in phone contact leading up to the meeting at Ruby Tuesday. Location information from their devices is consistent with both devices registering on cellular towers in the vicinity of Ruby Tuesday in the time frame other evidence (receipts from Ruby Tuesday, victim testimony, and surveillance footage) would suggest the two were there. Consistent with M.B.'s statements, her phone records show that during the dinner, she received a call from someone, which lasted over 20 minutes. M.B. stated that when she returned from the call, the defendant and the items they ordered were gone, and she walked into the parking lot and texted the defendant. Her phone records are consistent with sending that text message.

Shortly after M.B. is last observed on video surveillance in the parking lot outside of Ruby Tuesday, however, her device appears to be turned off. Nor is there any location information available for the defendant's device. Thus, there is no data showing their whereabouts from when M.B. was kidnapped in the Ruby Tuesday parking lot through when she escaped at 7-Eleven hours later. In the days following the kidnapping and assaults, however, the cellular location data from the devices suggests the two devices were together, including in the area of the Hampton Inn where the defendant was arrested on December 23, 2023. Neither device was ever recovered by law enforcement.

**3. Excluding Testimony from Ms. Pollitt, Ms. Weekley, and Special Agent Fulp is Unwarranted**

Given the circumstances present in this case, exclusion is not the appropriate remedy. As outlined in the Government's initial Opposition, the D.C. Circuit has held that exclusion is

4

"inappropriate" where it would "subvert [] one of Rule 16's goals: 'contributing to the accurate determination of the issue of guilt or innocence.'" *United States v. Marshall*, 132 F.3d 66, 70 (D.C. Cir. 1998) (quoting FED. R. CRIM. P. 16 adv. comm. note (1974 amend.)). And this Court should impose "the least severe sanction that will accomplish the desired result – prompt and full compliance with the court's discovery orders." *Marshall*, 132 F.3d at 69. Ordinarily, a continuance is the preferred sanction for a discovery delay because "it gives the defense time to alleviate any prejudice it may have suffered from the late disclosure." *Id.* at 70. The government reiterates its arguments outlined in its Opposition, ECF No. 17 at 24 – 27.

None of the aforementioned experts should be excluded from testifying at trial. However, should the Court be inclined to grant the defendant's motion, it should not exclude Ms. Weekley or Ms. Pollitt's testimony in its entirety. Rather, Ms. Weekley and Ms. Pollitt should be permitted to testify as teaching experts, consistent with their original, timely notices filed on October 11, 2024. Notably, the defendant has not challenged their expertise or testimony on any grounds apart from Rule 16. Nor could he, as their opinions clearly pass muster under Rules 702 and 703.

### 4. Dr. Amy Bonomi – Domestic Violence and Coercive Control

The defendant renews his motion to exclude testimony from Dr. Bonomi, arguing (at 5 – 6) that the government's response to the Court's November 4, 2024, Minute Order was insufficient. To the extent that certain opinions Dr. Bonomi offers appear generalized compared to the government's other experts, the government notes that Dr. Bonomi will testify as a teaching expert and did not review material related to this case. Moreover, the subject matter of her testimony directly bears on the jury's analysis of the evidence here, as outlined in the government's initial response.

As it stands, the defendant appears to object to Dr. Bonomi's testimony only on Rule 16

grounds, as he does not assert any deficiencies under Rule 702 or 703. The government maintains that its proffered notice and supplement are sufficient under the Rules. The defendant initially complained that he lacked an understanding of the bases of Dr. Bonomi's conclusions. That information was clarified in the supplemental notice. To the extent the defendant objects to the relevance of Dr. Bonomi's testimony, the government directs the Court to the argues set forth in its initial Opposition, ECF No. 17 at 16 – 19.

## CONCLUSION

For the reasons contained herein, the Court should deny the defendant's motion to exclude expert testimony from Ms. Pollitt, Ms. Weekley, Dr. Bonomi, and Special Agent Fulp.

Respectfully Submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
District of Columbia

*s/ Meredith E. Mayer-Dempsey*
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Dana Joseph
MN Bar No. 0393176
Assistant United States Attorneys
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov