**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 24-CR-39 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **BRANDON TYRIQ WHITE,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO THE DEFENDANT'S
OPPOSITION TO MOTION FOR RECONSIDERATION
TO ADMIT EVIDENCE PURSUANT TO FED. R. EVID. 404(b)**

The defendant correctly notes in his Opposition that courts in this District have applied the "as justice requires" standard under Federal Rule of Criminal Procedure 54(b) when assessing motions to reconsider interlocutory decisions. *See United States v. Caldwell*, 2022 U.S. Dist. LEXIS 12488, *4-5 (D.D.C. Jan. 25, 2022) (citing cases). Importantly, reconsideration may be appropriate where the prior ruling was based on apprehension, rather than an error of reasoning. *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 102 (D.D.C. 2005). "Apprehension" may include a Court not considering data "that might reasonably be expected to alter the conclusion reached by the court." *Id*. (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

To be clear, the government acknowledges that the jail calls supporting the government's arguments were available to the government before and it did not raise them until the pretrial conference. That said, and given the trial continuance, further consideration of the issue is appropriate because the jail call supporting the government's contention may, indeed, reasonably be expected to alter this Court's ruling. Indeed, during the January 3, 2025, pretrial conference, the government informed the Court that it intended to submit additional material, to include the jail call and transcript, following the hearing in order to address the Court's questions about the relevance of the Instagram communications. This Court may, in its discretion, consider the

government's motion and the government respectfully asks that it do so on the merits. *See*, *e.g.*

*United States v. Haassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. Nov. 19, 2015) (Motions for

reconsideration are subject to the sound discretion of the trial court.") (quotations omitted)).

On the merits, the government respectfully relies upon the arguments set forth in its Motion

at ECF No. 52 and asks this Court to permit the introduction of the jail call and Instagram messages

under Rule 404(b).

Respectfully Submitted,

EDWARD R. MARTIN
UNITED STATES ATTORNEY
District of Columbia

/s/
Meredith E. Mayer-Dempsey
NY Bar No. 5213202
Dana Joseph
MN Bar No. 0393176
Assistant United States Attorneys
United States Attorney's Office
for the District of Columbia
601 D Street, Northwest
Washington, D.C. 20530
(202) 252-7259
Meredith.Mayer-Dempsey@usdoj.gov