UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**　　　　　　　　Judge Amit P. Mehta
v.
**BRANDON TYRIQ WHITE**,
Defendant.　　　　　　　　　　　　　　　　　Criminal Case No. 1:24-cr-00039 (APM)

## MOTION FOR WITHDRAWAL OF GUILTY PLEA

COMES NOW the Defendant, Brandon Tyriq White, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), to withdraw the guilty plea entered on February 18, 2025.

### SUMMARY OF ARGUMENT

Mr. White filed a pro se motion entitled, "*Pro Se Motion to Withdraw Guilty Plea and Request for Appointment of New Counsel Due to Ineffective Assistance of Counsel.*" Mr. White had every intention of proclaiming his innocence and withdrawing his guilty plea. Additionally, he was seeking new counsel. At the time of his filing Mr. White was not sentenced in this matter. In the interest of justice, this Honorable Court should grant Mr. Whites request to withdraw his guilty plea. The undersigned was retained shortly after Mr. Whites request and files this supplement to Mr. White's motion and join him in requesting a withdrawal of his guilty plea.

### I. PROCEDURAL HISTORY

- On or about February 1, 2024, Mr. White was charged in Criminal Case No. 1:24-cr-00039 with multiple federal offenses.
- On February 18, 2025, Mr. White entered a plea of guilty before this Court.
- Sentencing has not yet occurred.

## II. GROUNDS FOR RELIEF

The Defendant respectfully submits that his guilty plea should be vacated for the following reasons:

**A. Plea Was Not Knowing, Intelligent, and Voluntary (Due Process)**

- According to Mr. Whites motion, Counsel, Mr. Michael Lawlor, failed to maintain meaningful communication with Mr. White. Between February 2024 and March 2025, Mr. White met with Mr. Lawlor only six to seven times, despite the complexity of the case.

- Mr. White and his family made repeated, unsuccessful attempts to review evidence and obtain updates. Notably, Mr. White's mother made over 20 unanswered calls and messages to counsel.

- Mr. Lawlor failed to advise Mr. White of a second, more favorable plea offer while it was still valid. By the time Mr. White learned of the offer, it had expired.

- Mr. White consistently expressed a desire to proceed to trial, yet no investigation was conducted, no psychological evaluation arranged, and no expert witnesses prepared. Mr. White was pressured to accept the plea due to Mr. Lawlor's apparent lack of trial readiness and the Court's indication that no further continuances would be granted.

- Mr. White was denied the opportunity to consult with his mother before entering the plea. The U.S. Marshals did not allow direct communication, and the information relayed through counsel was contradictory.

- Mr. White believed that the plea discussions were rushed and confusing, and he entered the plea under pressure without full comprehension of its consequences.

- He now understands that key details and opportunities were not disclosed or explained, and that his plea was not the result of a knowing and informed choice.

### B. MR. WHITE REQUESTED WITHDRAWAL OF PLEA BEFORE HE WAS SENTENCED IN THE CASE

The Court has held a motion to withdraw a guilty plea before sentencing should be regarded leniently by the trial judge and should be given favorable consideration if for any reason the granting of the privilege seems fair and just. *Spring v. United States,* 614 A.2d 1 (1992).

In the case at bar, Mr. White requested withdrawal of his plea before he was sentenced. It is noted that Mr. White had spent months incarcerated at the time of the plea. He was subsequently, came to realize that a mistake had been made by entering a plea.

Accordingly, he submits that there would be relatively little harm done to the government by allowing him to withdraw his plea. In fact, the government will be able to ascertain the truth and seek justice for all involved by allowing a withdrawal of the plea.

### III. ARGUMENT

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. As established in *Strickland v. Washington*, 466 U.S. 668 (1984), Mr. White must show that counsel's performance was deficient and that this deficiency prejudiced the defense. Here, counsel's failure to communicate, failure to investigate, and failure to advise regarding plea options clearly meet this standard.

Additionally, under *Boykin v. Alabama*, 395 U.S. 238 (1969), a guilty plea must be made knowingly, voluntarily, and intelligently. Mr. White's plea, entered without complete information and under duress, does not satisfy these constitutional requirements.

Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea prior to sentencing if a "fair and just reason" exists. Mr. White's claim of ineffective assistance and the involuntary nature of his plea presents ample justification for relief.

## IV. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Honorable Court vacate the guilty plea entered on February 18, 2025, and allow him to proceed to trial with the benefit of new and effective counsel.

## V. PRAYER FOR RELIEF

WHEREFORE, the Defendant, Brandon Tyriq White, respectfully prays that this Court:

1. Vacate the guilty plea entered on February 18, 2025;
2. Reinstate the plea of not guilty;
3. Grant any and all other relief this Court deems just and proper.
4. Set a scheduling conference.

Dated: June 15, 2025

Respectfully submitted,

      **/s/ Raymond Jones**
Raymond Jones, Esq.
800 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20006
Tel: (202) 978-1800
Fax: (202) 644-8834
Email: rjones@attorneyrayjones.com
Bar No.: 497654

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**BRANDON TYRIQ WHITE**,

Defendant.                                          Criminal Case No. 1:24-cr-00039 (APM)

### {SAMPLE} ORDER

Upon consideration of Defendant Brandon Tyriq White's Motion to Vacate Guilty Plea, the record herein, and the applicable law, and for good cause shown, it is hereby:

**ORDERED** that the Defendant's Motion to Vacate Guilty Plea is **GRANTED**; and it is further

**ORDERED** that the guilty plea entered by the Defendant on **February 18, 2025**, is **hereby VACATED**; and it is further

**ORDERED** that the Defendant's plea of **not guilty** is **REINSTATED**; and it is further

**ORDERED** that a status conference shall be scheduled to set further proceedings in this matter.

SO ORDERED.

Dated: _____

**HON. AMIT P. MEHTA**
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1**5th day of June, 2025**, a copy of the foregoing **Motion to Withdraw Guilty Plea** and proposed **Order** was served via the Court's electronic filing system (ECF) upon The assigned assistant attorney:

United States Attorney's Office
555 Fourth Street, N.W.
Washington, D.C. 20530

*Raymond Jones*

Raymond Jones