# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| BRANDON TYRIQ WHITE, | : Criminal No. 1:24-cr-00039-APM |
| Defendant. | : |

### DEFENDANT'S SURREPLY IN SUPPORT OF MOTION TO WITHDRAW GUILTY PLEA

COMES NOW the Defendant, Brandon Tyriq White, by and through undersigned counsel, and respectfully submits this Surreply in response to the Government's Opposition to Defendant's Motion to Withdraw Guilty Plea. The Government's opposition mischaracterizes the standard under Rule 11(d)(2)(B) and improperly minimizes both the significance of defense counsel's constitutional deficiencies and the procedural defects during the plea process. The Defendant reiterates his request for leave to withdraw his guilty plea and states as follows:

### I. ACTUAL INNOCENCE IS NOT REQUIRED TO WITHDRAW A GUILTY PLEA

The Government asserts that the Defendant "makes no claim of actual innocence" and implies this omission is dispositive. That is incorrect. The D.C. Circuit has consistently held that a defendant need not demonstrate actual innocence to justify plea withdrawal. The central inquiry under Rule 11(d)(2)(B) is whether the defendant can establish a "fair and just reason," with the voluntariness and validity of the plea serving as the primary focus. See *United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004); *United States v. Cray*, 47 F.3d 1203, 1207 (D.C. Cir. 1995).

Where, as here, the motion is based on ineffective assistance of counsel and serious doubts about the voluntariness of the plea, the absence of a formal claim of innocence does not foreclose relief. Indeed, courts regularly permit withdrawal when the record shows the plea was not knowing or voluntary—even in the face of overwhelming evidence. The Supreme Court has cautioned that even solemn declarations in court may not cure a plea that was the product of inadequate legal advice, pressure, or confusion. See *Hill v. Lockhart*, 474 U.S. 52, 56–59 (1985).

**II. THE PLEA WAS COMPROMISED BY INADEQUATE COUNSEL AND PRESSURE**

The Government's opposition fails to meaningfully engage with the Defendant's core concern: that he entered the plea under duress, confusion, and with insufficient advice from counsel. Rather than grapple with these assertions, the Government defaults to a rigid reliance on the plea colloquy and selectively cites *Strickland* without accounting for the realities of a pressured plea environment. Importantly, Defendant's concerns were not speculative. He has described feeling rushed, misinformed, and excluded from key discussions. His attorneys failed to maintain contact with him and did not involve him meaningfully in evaluating plea options. They did not ensure he understood the comparative sentencing exposure under different plea scenarios. Contrary to the Government's characterization, Defendant has not "changed his mind" after a valid plea—he is challenging whether he was properly informed to make that decision in the first place.

Even if this Court finds that the plea colloquy was technically compliant, such procedural formality does not cure substantive defects stemming from counsel's failure to provide adequate and informed legal advice. See *Padilla v. Kentucky*, 559 U.S. 356 (2010) (recognizing duty of counsel to ensure client understands critical plea consequences). Defendant's concerns—about missing plea offers, unclear exposure, and a feeling of coercion—go to the very heart of voluntariness.

## III. PREJUDICE TO THE GOVERNMENT DOES NOT OUTWEIGH THE INTERESTS OF JUSTICE

While the Government argues that allowing plea withdrawal would prejudice the victim and undermine finality, that is not the standard under Rule 11. If the Defendant's plea was not knowingly and voluntarily entered, then no amount of administrative convenience or emotional hardship on the government's side can override the fundamental right to due process. Moreover, any alleged prejudice arises from the Government's own delay in disclosing material evidence and its failure to address the Defendant's concerns when first raised. Defendant's motion was filed in good faith and within a reasonable time after entry of plea—well before sentencing. That is precisely when Rule 11 contemplates correction of injustices.

## IV. CONCLUSION

The Government asks the Court to uphold a plea that the Defendant challenges as uninformed, pressured, and inadequately counseled—despite clear law holding that *actual innocence is not required* to correct such a defect. Because the plea was not the product of a voluntary and intelligent choice, the Defendant respectfully requests that this Court permit withdrawal and allow him to proceed to trial.

Respectfully submitted,

*Raymond Jones*

Raymond R. Jones (Bar No. 497654)
Counsel for Brandon Tyriq White
800 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20006
(202) 978-1800 | Fax: (202) 644-8834
rjones@attorneyrayjones.com